### ZAMLOCH v. UNITED STATES.
#### No. 12753.

United States Court of Appeals
Ninth Circuit.
March 9, 1951.

Leo Friedman, San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., Joseph Karesh and Charles O'Gara, Assts. U. S. Atty., San Francisco, Cal., for appellee.

Before BONE, ORR and POPE, Circuit Judges.

PER CURIAM.

This cause is before us on a motion to remand the case to the trial court in order to permit appellant to move for a new trial on the ground of newly discovered evidence.

During the time Rule II(3) was in effect such was the proper procedure and this court so held in Wagner v. United States, 9 Cir., 118 F.2d 801. Rule II(3) provided: "A motion for a new trial solely upon the ground of newly-discovered evidence may be made within sixty (60) days * * * unless an appeal has been taken and in that event the trial court may *entertain* the motion *only on remand* of the case by the appellate court for that purpose, and such remand may be made at any time before final judgment." (Emphasis supplied.) 292 U.S. 662.

The advisory committee on revision of criminal rules considered an amendment of Rule II(3) advisable and in that connection commented as follows: "The provision [in the new rule] that if an appeal is pending the court may *grant* the motion only on remand of the case, is intended to change the existing practice pursuant to which a remand of the case from the appellate court must be secured before the motion for a new trial is made in the trial court. Under the proposed rule a motion for a new trial could be made without securing a remand. If, however, the trial court decides to grant the motion then, prior to the entry of the order granting it, a remand will have to be obtained. This course will eliminate the need of a remand in those cases in which the trial court determines to deny a motion for a new trial." (Emphasis original) Federal Rules of Criminal Procedure, Second Preliminary Draft, with notes and forms, U.S. Gov't Printing Office, Washington, February 1944, at 131. See also, Federal Rules of Criminal Procedure, with notes and institute proceedings, N.Y.U. School of Law Institute—Proceedings, Vol. VI, 1949, p. 206.

Thereafter, Rule 33, Fed.Rules Crim. Proc. 18 U.S.C.A. was promulgated as a substitute for Rule II(3). Rule 33 provides: "A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may *grant* the motion only on remand of the case." (Emphasis supplied.)

It will be noted that a change from *entertain* to *grant* was made in the rule. This change requires that an application for a new trial on the ground of newly discovered evidence first be made to the district court. If that court signifies a willingness to grant the motion then this court will remand for that purpose. Commenting on the change in the wording of the rule Professor Dession said: "The Rule [33] provides that where an appeal is pending, the court may *grant the motion* only on remand of the case—a provision intended to change the former practice pursuant to which a remand from the appellate court had to be secured before the motion for new trial was made in the trial court. The motion may now be made without securing a remand, but if the trial court decides to grant the motion, the remand must then be obtained prior to entry of the order granting the motion. The purpose is to eliminate the trouble of getting a remand in those cases wherein the trial court does not propose to grant a new trial." Dession, The New Federal Rules of Criminal Procedure: II, 56 Yale Law Journal 197, 232 (1947).

Two circuits have construed Rule 33 to require that the application first be made to the trial court. United States v. Minkoff, 2 Cir., 1950, 181 F.2d 538; Rakes v. United States, 4 Cir., 1947, 163 F.2d 771. The tenth circuit, in the case of Heald v. United States, 1949, 175 F.2d 878, certiorari denied 338 U.S. 859, 70 S.Ct. 101, entertained and passed upon a motion to remand. However, the tenth circuit case does not discuss the change in the rule.

We hold that Rule 33 requires that an application for a new trial (after an appeal has been taken), on the ground of newly-discovered evidence be made in the trial court and that this court will order a remand in the event the trial court evidences a willingness to grant the motion, and not otherwise.

Motion dismissed.