**UNITED STATES of America,**
**Appellee,**

v.

**Thomas AGUILLAR, Appellant.**

**No. 208, Docket 31055.**

United States Court of Appeals
Second Circuit.

Argued Nov. 29, 1967.

Decided Dec. 26, 1967.

Phylis Skloot Bamberger, New York City (Anthony F. Marra, New York City, on the brief), for appellant.

Frank M. Tuerkheimer, Asst. U. S. Atty., Southern District of New York (Robert M. Morgenthau, U. S. Atty., and Pierre N. Leval, Asst. U. S. Atty., on the brief), for appellee.

Before MOORE, SMITH and HAYS, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Thomas Aguillar was convicted on January 4, 1967, after trial to the court, jury waived, in the United States District Court for the Southern District of New York, Lloyd F. MacMahon, Judge, on two counts of sale of narcotics illegally imported into the United States, knowing it to have been illegally imported, in violation of 21 U.S.C. §§ 173

**626**

and 174, and he appeals. We find no error and affirm the judgment.

Aguillar makes no attack on the sufficiency of the evidence, if believed, to establish two sales of heroin on July 19, 1966 and August 9, 1966, each of one ounce for $600, by Aguillar to Spratley, a narcotics agent. He bases his appeal on two contentions, first, that this court should reverse and remand for new trial because Spratley was arrested on June 6, 1967 on a charge of possession of counterfeit money, and second, because Aguillar's history of prior addiction required inquiry as to his competency at time of trial.

On the record here, the second ground appears frivolous. While Aguillar testified as to his history of narcotics use, there was no other evidence at trial of mental unfitness, and Aguillar had been in custody for some two months at the time, so that the court could hardly presume that Aguillar was currently using narcotics. If Spratley's testimony as to the circumstances of the sales and Aguillar's actions and statements in the negotiations was credited, the court was clearly justified in finding that at the time of the sales Aguillar had capacity to form and did have the necessary criminal intent.

The other ground of appeal must also fail. In the first place, if this were a claim of newly discovered evidence which would justify a new trial, the application should go first to the trial court. "Rule 33 [of the Federal Rules of Criminal Procedure] requires that an application for a new trial (after an appeal has been taken), on the ground of newly-discovered evidence be made in the trial court and that this court will order a remand in the event the trial court evidences a willingness to grant the motion, and not otherwise." Zamloch v. United States, 187 F.2d 854 (9 Cir. 1951), accord. United States v. Comulada, 340 F.2d 449, 452 (2 Cir. 1965).

In the second place, we can find in the allegations here no ground

either to remand or to hold the appeal pending an application to the trial court for new trial. The discovery of new evidence which merely discredits a government witness and does not directly contradict the government's case ordinarily does not justify the grant of a new trial. Mesarosh v. United States, 352 U. S. 1, 9, 77 S.Ct. 1, 1 L.Ed.2d 1 (1956); United States v. Bolden, 355 F.2d 453, 461 (7 Cir. 1965); United States v. Switzer, 252 F.2d 139, 145–146 (2 Cir. 1958); United States v. Brewster, 231 F.2d 213, 216 (2 Cir. 1956). We see no reason to depart from that rule here. The charge against Spratley alone, without a conviction, could not even have been used to impeach him; the counterfeiting offense happened long after his testimony at Aguillar's trial, and there is no claim that the government then had knowledge of anything to throw doubt on the accuracy of the testimony. The judgment of conviction is affirmed.