UNITED STATES of America, Plaintiff and Appellee,

v.

James Gilbert HAYS, Appellant.

No. 25949.

United States Court of Appeals, Ninth Circuit.

Jan. 7, 1972.

Philip Mahoney (argued), Seattle, Wash., for appellant.

Charles Pinnell, Asst. U. S. Atty. (argued), Stan Pitkin, U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before CHAMBERS, BROWNING and CARTER, Circuit Judges.

PER CURIAM:

The opinion in this case, United States v. Hays, reported at 438 F.2d 538, is withdrawn. The mandate is recalled and the following is substituted therefor as the court's opinion:

The court adheres to the view that on the merits the case should be affirmed.

As to the motion for new trial on the ground of newly discovered evidence, the order denying the motion for new trial is affirmed.

■ We hold that the district court does have jurisdiction to deny a motion for new trial without leave of this court during the pendency of an appeal, and that Rule 33, F.R.Cr.P., only requires a remand to grant a motion for new trial. Thus, if the trial court says "no" it has jurisdiction; if it wants to say "yes," it does not have automatic jurisdiction. However curious a concept of jurisdiction this may be, that is the plain intendment of the rule.

■ We point out that where there is an appeal from a judgment of conviction and a later appeal from the denial of a motion for new trial on the ground of newly discovered evidence, there should be a second appeal, which usually can be consolidated with the original appeal. But this is a fiscal rule and does not go to basic jurisdiction of this court.

■ Here on the motion for new trial, after the convictions, a codefendant who did not testify at trial wrote a letter saying that Hays was a dupe who carried the LSD tablets (concerning which he was convicted) by chance.

We think the showing did not make the prima facie case required by Gallegos v. United States, 9 Cir., 295 F.2d 879. There appears to have been no abuse of discretion. One might well doubt strongly, even if the codefendant were now willing to testify in accordance with his letter (in view of other testimony in the record), that there would be an acquittal on a new trial.

Inasmuch as in the briefs appellant fully set forth his point on the merits of the motion for new trial, we have concluded further briefs are not necessary.

So we arrive at the same point as before, but not on jurisdictional grounds.