**Brian Atwood WANSOR,**
**Plaintiff-Appellant,**

**v.**

**GEORGE HANTSCHO CO., INC.,**
**Defendant-Third-Party**
**Plaintiff-Appellee,**

**v.**

**W. R. BEAN & SON, INC., Third-Party**
**Defendant-Appellee.**

No. 75–3093.

United States Court of Appeals,
Fifth Circuit.

Sept. 20, 1978.

Cullen M. Ward, Atlanta, Ga., W. Davis Hewitt, Jackson C. Floyd, Jr., for plaintiff-appellant.

N. Forrest Montet, Atlanta, Ga., for defendant-third-party plaintiff-appellee.

T. Cullen Gilliland, Atlanta, Ga., for third-party defendant-appellee.

Before BROWN, Chief Judge, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

The Court has determined that this appeal presents an important issue of Georgia law that the Supreme Court of Georgia should appropriately decide. *See Wansor v. George Hantscho Co., Inc.,* 5 Cir., 1978, 570 F.2d 1202.

Following our practice,[1] we requested that the parties submit a proposed statement of facts and proposed agreed certificate of the questions, for decision, which they have done.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO GEORGIA CODE ANNOTATED § 24–3902

TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that the above-styled case in this Court involves a question or proposition of the law of the State of Georgia that is determinative of the cause, and there appears to be no clear, controlling precedent in the decisions of the Supreme Court of the State of Georgia. This Court certifies the following question of law to the Supreme Court of Georgia for instructions concerning said question of law, based on the facts recited herein, such case being an appeal from the United States District Court for the Northern District of Georgia.

*I. Style Of The Case*

The style of the case in which this certification is made is *Brian Atwood Wansor, Plaintiff-Appellant v. George Hantscho Co., Inc., Defendant-Third Party Plaintiff-Appellee v. W. R. Bean & Son, Inc., Third-Party Defendant-Appellee,* case no. 75–3093, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Northern District of Georgia.

*II. Statement Of Facts*

This case is a Georgia products liability action in which plaintiff-appellant Brian A. Wansor seeks damages for injuries he re-

---

1. *See In re McClintock,* 5 Cir., 1977, 558 F.2d 732.

ceived while working on a printing press owned by his employer, third-party defendant-appellee W. R. Bean & Son, Inc. (Bean), and manufactured by defendant-appellee George Hantscho Company, Inc. (Hantscho).

Hantscho manufactured this printing press in 1960–1961 and installed it at Bean in 1961 (R. 420, 429–431, 238–240). Wansor was injured on August 10, 1971 while working on the printing press. (R. 57). Wansor had been working on the printing press as a jogman for Bean, a magazine printing firm, for approximately three weeks prior to the date of his injury. (R. 56).

Plaintiff Wansor brought suit against Hantscho on July 12, 1973. Hantscho thereafter impleaded Wansor's employer, Bean, as a third party defendant, from whom Wansor had already received Workmen's Compensation benefits. (R. 11, 12).

Plaintiff Wansor was injured while assisting in cleaning the rollers in the printing press, and contended in his suit that Hantscho was negligent in the manufacture, design, construction, installation, and assembly of the press. Wansor specifically pointed to the lack of guards for the rollers; the placement of the adjustment screws for the press inside the machine frame next to rotating equipment; the placement of the catwalk for the press between the units of the machine, requiring a workman to assume a crouched position to reach the adjustment screws; the lack of a device to prevent the catwalk from becoming slick with ink and naphtha thrown off the rollers during the cleaning of the press; and the design which permitted the press to be adjusted while it was in operation. (R. 60–65, 72–75, 327–328, 358–362, 425–426). Wansor also claimed that Hantscho was negligent in failing to warn of dangers inherent in the construction and operation of the printing press, and finally asserted that the press was defective pursuant to Georgia Code Ann., § 105–106.

Defendant Hantscho contended that the printing press was neither negligently nor defectively manufactured, designed, constructed, installed or assembled and that it met all the standards and state of the art of the industry known at the time the press was manufactured. Hantscho, denying any failure to warn, further contended that any alleged deficiencies and/or alleged defects in the press and dangers involved in the operation of the press were both actually known by and obvious to plaintiff Wansor, who was barred from any recovery by his own negligence or assumption of risk. (R. 152, 410, 116–118, 150, 152, 165).

At the close of the plaintiff's case, the United States District Court for the Northern District of Georgia directed a verdict for defendant Hantscho, on March 20, 1975.

The Georgia Courts handed down a decision dealing with Georgia Code Annotated, § 105–106 and its application on March 20, 1975. *Parzini v. Center Chemical Co.,* 134 Ga.App. 414, 214 S.E.2d 700 (1975).

### III. Issue To Be Certified[2]

Whether, under Georgia law, the doctrine of strict liability in tort applies to a product, where:

(a) The product was manufactured in 1960–1961;

(b) The product was purchased and installed in 1961;

(c) The Georgia legislature amended Georgia Code Ann. § 105–106[3] in 1968 to

---

**2.** We repeat what we have often said in the past:

> The particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problem involved in the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or insubordinate or even contingent parts.

*Martinez v. Rodriquez,* 5 Cir., 1968, 394 F.2d 156, 159, n.6.

**3.** 105–106 (4408) Privity to support action.— No privity is necessary to support an action for a tort; but if the tort results from the violation of a duty, itself the consequence of a contract, the right of action is confined to the parties and privies to that contract, except in cases where the party would have had a right of action for

overcome privity limitations on tort recoveries;

(d) The product caused injury to an individual in 1971 due to the alleged defective condition of the product.

The entire record in this case, together with copies of the briefs of the parties, the proposed questions of fact and law, and memoranda thereon, are transmitted herewith.

CERTIFIED.

the injury done, independently of the contract, and except as provided in Code section 109A–2–318. However, the manufacturer of any personal property sold as new property, either directly or through a dealer or any other person, shall be liable in tort, irrespective of privity, to any natural person who may use, consume or reasonably be affected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended and its condition when sold is the proximate cause of the injury sustained; a manufacturer may not exclude or limit the operation hereof.