600 F.2d 552
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rodosvaldo FUENTES-LOZANO, Roman Elias Perez, Antonio
Rotella-Galindo, Raul Rodriguez-Pena, Issac
Padron-Figueroa and Daniel Rodriguez,
Defendants-Appellants.
 No. 78-5202.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 9, 1979.
 
 Henry Gonzalez, Miami, Fla., Frank K. Martin, Columbus, Ga., for defendants-appellants.
 Joseph D. Newman, Asst. U. S. Atty., Savannah, Ga., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Georgia.
 Before TUTTLE, GODBOLD and RUBIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants were convicted on two counts of conspiracy to import and conspiracy to distribute a large quantity of marijuana. In this appeal they have raised several points that relate to alleged ineffectiveness of trial counsel. The court pointed out at oral argument that ineffectiveness of counsel in a federal case is ordinarily presented under 28 U.S.C. § 2255, and that the record now before the court may not be complete enough for an adequate determination of the issue.[1] Thereafter, appellants have, by letter to the court, withdrawn their points I, II and III, and wish to reserve the right to present them in the context of a claim of ineffective counsel by collateral attack. Thus, we only consider their points IV, V and VI.
 
 
 2
 Allegedly improper remarks made by the trial judge some eight months after the trial, in considering a motion for new trial, were not reversible error. The contention that the remarks indicated a disqualifying racial or ethnic bias against defendants, who were natives of Cuba or South America, is too attenuated to require discussion. The judge's remarks concerning the necessity of bringing to a close an extended motion for new trial hearing were not even arguably improper.
 
 
 3
 The defendant Padron-Figueroa testified that he first met co-defendant Arbelaez-Arbelaez November 30, 1977, and had no prior significant personal or business contacts with him. Arbelaez-Arbelaez had jumped bond and did not appear for trial. The government introduced over objection Arbelaez-Arbelaez's bail bond, executed soon after November 30, in the amount of $325,000, signed by Padron-Figueroa as surety. The purpose was to show that Padron-Figueroa must have known Arbelaez-Arbelaez better than he had said, otherwise he would not have assumed a surety's obligation of $325,000. We agree with the district court that the evidence tended to impeach Padron-Figueroa by showing a prior act inconsistent with his testimony and that it was admissible.
 
 
 4
 We do not need to give a full description of the facts to rule on sufficiency of the evidence. Various of defendants made elaborate and expensive arrangements for a DC-6 airplane and pilot to fly to Colombia, South America, and return to a Georgia airstrip, and for personnel to unload the cargo and trucks to haul it away. The argument that they were innocents planning to bring in coffee is ludicrous. The operation was broken almost from the beginning by DEA agents who worked with principal actors in many of the arrangements. The conspiracy never came to fruition because the participants were arrested as the plane was departing for the run to South America, but it is no defense to conspiracy that it did not reach fruition.
 
 
 5
 The request of defendants to withdraw their ineffectiveness of counsel points without prejudice to presenting them to the district court by a § 2255 proceeding is GRANTED. The convictions are AFFIRMED.
 
 
 
 [1]
 At times we have, in our discretion, considered ineffectiveness of counsel on direct appeal, where the contentions made involve only matters of record