In re MULTI–PIECE RIM PRODUCTS LIABILITY LITIGATION.

FIRESTONE TIRE & RUBBER CO., Appellant,

v.

John C. RISJORD, Appellee.

No. 79–1781.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 28, 1979.

Decided Jan. 7, 1980.

William Freivogel, Chicago, Ill., William H. Sanders, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., and Harvey M. Grossman and Henry J. Shames, Grossman & Shames, Los Angeles, Cal., on brief, for appellant.

John R. Gibson, Morris J. Nunn and J. Emmett Logan, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, Mo., on brief, for appellee.

Before GIBSON, Chief Judge, and LAY, HEANEY, BRIGHT, ROSS, STEPHENSON, HENLEY and McMILLIAN, Circuit Judges, sitting en banc.

LAY, Circuit Judge.

Personal injury claimants brought suit against the Firestone Rubber Co. and Firestone moved thereafter that claimant's counsel, John C. Risjord, and his law firm be disqualified from representing them because of an alleged conflict of interest with Firestone's insurer. The district court, the Hon. William R. Collinson presiding, ordered counsel Risjord to comply with the consent requirement of Disciplinary Rule 5–105 of the Code of Professional Responsibility of the Missouri Supreme Court or terminate his representation of either plain-

tiffs or the insurer.[1] Risjord thereafter complied with DR5–105(C) which required that Risjord receive consent from the insurance carriers or terminate his representation in the suit. The district court ruled that Risjord had complied with his order and that Risjord should not be disqualified from the litigation. The district court further certified his ruling on the disqualification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Rather than obtain permission to appeal from this court, as required under section 1292(b), Firestone simply filed a notice of appeal. Risjord challenges the order as not being appealable since it is not a final order. The law in this circuit has been that an order denying a motion for disqualification of counsel is final under the collateral order doctrine recognized by the Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *See Fred Weber, Inc. v. Shell Oil Co.,* 566 F.2d 602, 606–07 (8th Cir. 1977), *cert. denied,* 436 U.S. 905, 98 S.Ct. 2235, 56 L.Ed.2d 403 (1978); *Arkansas v. Dean Foods Products Co., Inc.,* 605 F.2d 380 (8th Cir. 1979).

■ Recently, the Sixth Circuit overruled an earlier decision and held an order denying a motion for disqualification of counsel would no longer be appealable under the collateral order doctrine. *Melamed v. ITT Continental Baking Co.,* 592 F.2d 290 (6th Cir. 1979). The Sixth Circuit stated:

Motions to disqualify an opponent's counsel can easily be simply "disguised harassment".

.     .     .     .     .

A rule allowing interlocutory appeals here would provide litigants with yet another device by which to delay final determination on the merits, and would lead the court to divert its attention from the central issues in the case.

*Id.* at 295, (footnote omitted) (quoting in part *Community Broadcasting of Boston, Inc. v. FCC,* 178 U.S.App.D.C. 256, 261, 546 F.2d 1022, 1027 (D.C. Cir. 1976)).

We have reconsidered *Weber* and *Dean Foods* and now agree with the position of the District of Columbia, Sixth and Ninth Circuits; it is the opinion of this court that *Weber* and *Dean Foods* should be and hereby are overruled.[2] *See generally,* Comment, *The Appealability of Orders Denying Motions for Disqualification of Counsel in the Federal Courts,* 45 U.Chicago L.Rev. 450 (1978).

■ In so holding we recognize there exists a fundamental distinction between a denial of a motion of disqualification of counsel and a grant of a motion for disqualification. In the latter case of disqualification we will still continue to apply the collateral order doctrine and recognize the order as appealable. We also concur with the Sixth Circuit's opinion, which allows for immediate review in the exceptional case where irreparable harm could occur by denial of an interlocutory appeal. The Sixth Circuit observed:

We believe our position denying interlocutory appeal of orders refusing to disqualify counsel to be fully consonant with the Supreme Court's holding in *Cohen.* Although "collateral" to the main proceeding, an order denying a motion to disqualify does not, in most cases, implicate any claim of right that will be irreparably lost on appeal from final judgment. In the exceptional case, where irreparable harm would indeed result, the movant may petition this court for a writ of mandamus under 28 U.S.C. § 1651 (1970), the All Writs Act. This approach will afford the court the flexibility necessary to prevent serious injustice while advising litigants of the court's extreme reluctance to depart from the final judgment rule.

---

1. DR5–105(C) provides:

    In the situations covered by DR5–105(A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclo-

sure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each.

2. This opinion has been circulated to the court en banc, and all active judges concur.

*Melamed v. ITT Continental Baking Co.,* 592 F.2d at 296 (quoting *Community Broadcasting of Boston, Inc. v. FCC,* 178 U.S.App. D.C. 256, 261–62, 546 F.2d 1022, 1027–28 (D.C. Cir. 1976)).

In fairness to the appellant in the instant case, we hold the overruling of *Weber* and *Dean Foods* to be prospective only. Thus, we permit the instant appeal. Nevertheless, we have carefully reviewed the pleadings, and briefs, and have concluded that the district court did not abuse its discretion in refusing to disqualify counsel. Accordingly, the motion to dismiss is denied, the district court's denial of the motion to disqualify is affirmed, and the case is remanded to the district court for further proceedings.

IT IS SO ORDERED.