UNITED STATES of America, Plaintiff-Appellee,

v.

Richard Claude CURRY, Jr., Defendant-Appellant.

No. 80–2290
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 11, 1981.

---

Nile Stanton, Indianapolis, Ind., for defendant-appellant.

Anna E. Stool, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

**PER CURIAM:**

Appellant, Richard Claude Curry, Jr., was found guilty on four counts of crimes and conspiracy to commit crimes related to the transportation of marihuana from Colombia to Texas. An earlier trial on the same counts had resulted in a hung jury. At both trials, Curry was represented by his chosen counsel, Mr. Leonard Fleet. The only issue raised on this appeal is the claim that his lawyer failed to render effective assistance at trial; U.S.Const., Sixth and Fourteenth Amendments.

Although the government does not object to appellant's appeal asserting failure of his counsel adequately to represent him, we must deal with the fact that no objection based upon inadequate assistance of counsel was made to the trial court. This Court does not take note of errors raised for the first time on appeal unless refusal to do so would result in manifest injustice. We have, however, at times in our discretion considered ineffectiveness of counsel on direct appeal when the contentions made involve only matters of record. *United States v. Fuentes-Lozano*, 600 F.2d 552, 553 n.1 (5th Cir. 1979). Normally this Court will decline to review such a claim where an evidentiary hearing is necessary. *United States v. Coronado*, 554 F.2d 166, 170 (5th Cir. 1977), *cert. denied*, 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977).

All of Curry's claims based upon inadequate representation of counsel with one exception are dealt with fully in the record. The one exception is the claim that his attorney failed to avail himself of the "full investigation and legal underpinnings" of a prior case in which Curry had been acquitted of similar offenses, a case in which he used a similar defense to that he used in this case. We find that this one assertion is clearly nothing but a general conclusion and borders on the frivolous since it involves the same theme which the record clearly shows was adequately developed at the trial. We conclude, therefore, that we can properly review the plaintiff's claims of inadequate representation of counsel even though no complaint as to such representation was

made in the trial court. The relevant matters are spread fully on the record.

Curry complains that representation by his counsel was inadequate in four basic respects which combined to render him ineffective. He asserts that Fleet: (1) failed to make an opening argument; (2) never developed or pursued a coherent theory of defense even though the defense of duress or coercion had been successfully used in his earlier trial; (3) did not effectively cross-examine witnesses; and (4) made an inadequate closing argument. Each contention will be dealt with in turn.

■ The complaint that Fleet did not make an opening argument clearly falls "within the amorphous zone known as 'trial strategy' or 'judgment calls'." *Jones v. Estelle*, 632 F.2d 490, 492 (5th Cir. 1980), *cert. denied*, 451 U.S. 916, 101 S.Ct. 1992, 68 L.Ed.2d 307 (1981). In view of the thorough and effective participation of Curry's counsel throughout the trial, as briefly described below, the decision may well have been not only a reasonable choice but a wise decision in view of the later full development of his defense.

■ Curry's second claim is that Fleet never developed a theory of defense. A study of the record shows that this objection is without merit. Fleet followed two lines of defense. The first was continually to probe all government evidence for weaknesses. The second was that Curry, because of duress or coercion, lacked the specific intent to commit the crimes. The prosecutor's and the court's comments showed they were fully aware of this latter theory. Curry himself testified. He admitted that he had flown the DC–4 aircraft from Colombia to Cotulla, Texas, carrying 4,000 pounds of marihuana. His contention was that he was forced to fly the aircraft to escape an extensive term in a Colombia jail or mistreatment at the hands of another band of smugglers, and that he was under armed guard by an American and two Co-

lombians throughout the entire flight, adding that these coercive guards had escaped when the plane landed in Texas.[1]

■ A study of the record relating to his third claim is also an aid in further evaluating his second claim. The record reveals the charge that Fleet failed effectively to cross-examine witnesses clearly misses the mark. The record is full of as complete and effective cross-examination as could be expected under the circumstances. It was through Fleet's cross-examination that there was partial collaboration of Curry's version that there were others besides Curry and a co-pilot aboard the airplane. This was a key part of Curry's purported defense. Fleet also used cross-examination to bring out prison conditions in Colombia to establish part of the duress and coercion which Curry claimed.

The grave difficulty that appellant has with respect to his claim concerning both the issue of the coherent theory and of the effectiveness of cross-examination is that Curry himself admitted in his testimony that he went to Colombia to train others how surreptitiously to enter Colombia by plane, pick up a load of marihuana, and reenter the United States with the marihuana. He admitted in his testimony having worked for "The Company," an organization that dealt in importation of marihuana from Colombia to the United States. His sole defense was that his own flight transporting marihuana to the United States was under coercion by another Colombia smuggling organization, which had kidnapped him and forced him to fly. The jury was free to believe or disbelieve his explanation. It was not the fault of his attorney that the jury disbelieved.

■■ Finally, Curry objects to his attorney's closing argument. In that argument, Fleet properly repeatedly told the jury that

---

1. The aircraft apparently had to land at Cotulla because of bad weather which obscured the planned landing strip elsewhere. Before landing at Cotulla, the crew jettisoned its illegal cargo in the dead of night, raining bales of marihuana over a substantial area of south Texas around the city of Alice.

the government had the burden of proving every material element in the indictment beyond a reasonable doubt, he shrewdly analyzed the evidence, highlighting the strengths of the defendant's case and criticizing the weaknesses in the government's case. There is a showing that Fleet committed a minor error by asserting that the prosecutor had made certain comments in opening argument concerning what Curry's testimony would be, which, the record reveals, were never made by the prosecutor. There is no indication that this error could have prejudiced Curry in any way. This Court has made it clear that effective assistance of counsel does not require performance wholly free from error. *Dozier v. United States Dist. Court*, 656 F.2d 990, 992 (5th Cir. 1981).

At the beginning of the sentencing proceeding, Curry not yet having voiced any complaints about his attorney's representation, the trial judge made an effective summary of the situation in which appellant finds himself:

> You are here with your attorney, Mr. Fleet, that represented you at the trial, and you have a first-class attorney who did everything he could do for you, but your guilt was so overwhelming that the jury had no alternative but to find you and your friends guilty.

This Court finds that the claim on appeal that appellant was not adequately represented by his chosen counsel in his criminal trial is without merit.

AFFIRMED.