**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph A. SIVIGLIA,
Defendant-Appellant.**

**Nos. 79-1004, 79-2180.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Dec. 16, 1980.

Decided June 15, 1981.

On Rehearing En Banc June 23, 1982.

Hank Farrah of Hank Farrah and Associates, Albuquerque, N. M. (Robert N. Singer and W. John Brennan of Coors, Singer, Anaya, Brennan & Stratton, Albuquerque, N. M., with him on briefs), for defendant-appellant.

Don J. Svet, Asst. U. S. Atty., Albuquerque, N. M. (R. E. Thompson, U. S. Atty. and Richard J. Smith, Asst. U. S. Atty., Albuquerque, N. M., with him on briefs), for plaintiff-appellee.

Before SETH, Chief Judge, and BARRETT and McKAY, Circuit Judges.

BARRETT, Circuit Judge.

Joseph Siviglia (Siviglia) appeals his jury conviction, following retrial, of one charge of conspiracy to transport, receive and conceal stolen motor vehicles in violation of 18 U.S.C.A. § 371, three charges of trans-

porting stolen motor vehicles in violation of 18 U.S.C.A. §§ 2313 and 2, and two charges of receiving stolen vehicles in violation of U.S.C.A. § 2313. The second trial commenced on September 18, 1978. The jury verdict of guilty on all counts was returned on the tenth day of trial.

*Litigative and Procedural Background*

Siviglia was convicted in 1976 following his first trial which lasted approximately ten days. He was charged identically there with the charges (counts) upon which he was convicted as above related at his retrial. Siviglia was originally tried jointly with Jeff Ralph Caruthers, Donnie Clay Shafer and Ronald McIntyre for conspiracy to transport motor vehicles and the receipt and possession of same in violation of U.S. C.A. § 2312 and 371. Each case was consolidated upon appeal, resulting in this court's unpublished opinion entitled *United States of America v. Jeff Ralph Caruthers, Donnie Clay Shafer, Ronald McIntyre, and Joseph A. Siviglia*, Nos. 76–1911, 76–1912, 76–1913 and 76–1914 (10th Cir., filed June 5, 1978), hereinafter referred to as slip opinion. The convictions of Caruthers, Shafer and McIntyre were affirmed. This court reversed and remanded for a new trial as to Siviglia, holding that certain comments made by the prosecutor in the course of closing arguments:

> ... constituted gross prosecutorial misconduct requiring reversal of Siviglia's conviction, even though no trial objection was lodged. The statements constituted plain error affecting substantial rights. Fed.Rules Cr.Proc. rule 52(b), 18 U.S.C.A. The prosecutor did, by these remarks, divert the trial and the attention of the jury to a trial of Siviglia's attorney. If the witness Trower did lie, it was a matter for the jury to consider in deciding the case. The jury was not called upon to decide who, if anyone, asked him to lie. This was a collateral matter. Thus, the prosecutor's statement was both personal and vindictive, directed to Siviglia's attorney, and for all practical purposes to Siviglia. *Why* Trower lied, if he did, had nothing to do with the guilt or innocence of Siviglia.

[Slip opinion, p. 33; Barrett, Circuit Judge, dissenting].

This court thus held that the prosecutor's remarks were so improper that Siviglia was effectively denied a fair trial and effective assistance of counsel. On that appeal, Siviglia did challenge the sufficiency of the evidence to sustain his conviction. We rejected that contention and observed:

> ... This allegation is totally without merit. The evidence of Siviglia's participation and his prominent role in transporting, financing and reselling the stolen cars was overwhelming.

[Slip opinion, p. 24].

Siviglia *does not* challenge the sufficiency of the evidence on appeal from his conviction on retrial. His challenges involve claimed trial court errors. We need not enumerate them, however, inasmuch as the jurisdictional issue is dispositive.

Following Siviglia's conviction on retrial, he appealed here in *United States v. Siviglia, No. 79–1004.* During the pendency of that appeal, and prior to its disposition on the merits, Siviglia filed a motion with this court to remand to the District Court for consideration of his motion for grant of a new trial based on alleged newly discovered evidence. This court granted the remand on September 7, 1979.

Thereafter, on October 15, 1979, the District Court denied Siviglia's motion for new trial based on newly discovered evidence. A timely appeal was taken by Siviglia from that denial on October 24, 1979, and docketed here as *United States v. Siviglia, No. 79–2180.*

On October 25, 1979, Siviglia filed an amended notice of appeal incorporating the substantive issues he raised in Case No. 79–1004 prior to its remand with his challenge to the District Court's denial of his motion for new trial. We hereby recall the mandate in *Case No. 79–1004.* This opinion is issued under consolidated dockets Nos. 79–1004 and 79–2180.

*Our Jurisdiction*

 Notwithstanding the fact that neither party has raised the issue of this

court's jurisdiction to hear this consolidated appeal, jurisdictional questions are of primary consideration and can be raised at any time by courts on their own motion. *McGrath v. Kristensen*, 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173 (1950); *First State Bank, etc. v. Sand Springs State Bank*, 528 F.2d 350 (10th Cir. 1976); *Bledsoe v. Wirtz*, 384 F.2d 767 (10th Cir. 1967). Lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation. *California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972); *Natta v. Hogan*, 392 F.2d 686 (10th Cir. 1968). "If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*." *Basso v. Utah Power and Light Company*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking. *Mitchell v. Maurer*, 293 U.S. 237, 55 S.Ct. 162, 79 L.Ed. 338 (1934); *Citizens Concerned, etc. v. City and County of Denver*, 628 F.2d 1289 (10th Cir. 1980).

█ It is clear that the issue raised in Siviglia's *Case No. 79–2180, i.e.,* whether the trial court, following his conviction on retrial, abused its discretion in denying his motion for dismissal or for a new trial based upon newly discovered evidence, is properly before this court. We hold that this contention is wholly without merit. The record establishes that Siviglia could have readily ascertained the existence of the alleged newly discovered evidence with the exercise of due diligence. It is our view that the so-called newly discovered evidence would not have altered the result of the jury decision relative to his guilt.

We move now to consideration of the threshold question whether this court is vested with jurisdiction of the issues presented by Siviglia in his direct appeal in *Case No. 79–1004.* He there contends that, upon retrial, the District Court erred in that: (a) retrial after reversal for prosecutorial misconduct violated the double jeop-

ardy clause of the Fifth Amendment; (2) in denying him a continuance to present evidence impeaching one of the Government's key witnesses or showing the Government's knowledge of same; (3) he was denied his constitutional right to a speedy trial; and (4) sentencing him for transporting and receiving the same vehicle. For reasons hereinafter set forth, we hold that we do not have jurisdiction to decide these appellate contentions. The appeal must be dismissed.

█ It is settled that under Fed.Rules Cr.Proc. rule 33, 18 U.S.C.A., a district court may entertain a motion for new trial during the pendency of an appeal, although the motion may not be granted until a remand request has been granted by the appellate court. *United States v. Wilson and Abernathy*, Unpublished Nos. 79–2142 and 79–2151 (10th Cir., filed June 4, 1980); *United States v. Ellison*, 557 F.2d 128 (7th Cir. 1977), *cert. denied*, 434 U.S. 965, 98 S.Ct. 504, 54 L.Ed.2d 450 (1977); *United States v. Frame*, 454 F.2d 1136 (9th Cir. 1972), *cert. denied*, 406 U.S. 925, 92 S.Ct. 1794, 32 L.Ed.2d 126 (1972); *Ferina v. United States*, 302 F.2d 95 (8th Cir. 1962), *cert. denied*, 371 U.S. 819, 83 S.Ct. 35, 9 L.Ed.2d 59 (1962).

A difficult question concerns the problem of a remand motion made prior to the district court's consideration of the motion for new trial. In *United States v. Phillips*, 558 F.2d 363 (6th Cir. 1977), the appellant's motion for new trial was denied on the ground the proper procedure requires that the motion for new trial be first filed in the district court. The court, however, denied the remand motion without prejudice to resubmission in the event the district court certified its intention to grant the new trial. Thus, the court effectively circumvented the instant problem by refusing to entertain a remand motion unless (1) a motion for new trial is first made in the district court, and (2) the district court certifies its intention to grant the motion.

Faced with a similar circumstance, the court in *United States v. Fuentes-Lozano*, 580 F.2d 724 (5th Cir. 1978), treated a motion for a temporary remand for the pur-

pose of lodging a motion for new trial in the district court as an unqualified motion for remand. The motion was granted. The court upheld the propriety of the district court entertaining a motion for new trial before remand in accordance with the general rule, while at the same time sanctioning the alternative procedure of first seeking a remand to avoid delay for the purpose of permitting the district court to "fully entertain the motion." *Fuentes-Lozano, supra*, does not, however, discuss the ramifications of an unconditional remand in relation to a subsequent appeal on the merits. Even so, the court subsequently accepted and decided an appeal on the merits following the district court's apparent denial of the motion for new trial. *See United States v. Fuentes-Lozano*, 600 F.2d 552 (5th Cir. 1979). The jurisdictional basis for subsequent review of the case on the merits cannot be clearly ascertained.

Thus, in one case the appellate court, in *United States v. Phillips, supra*, expressed its policy of dismissing such a motion unless the district court first certifies its intent to grant a new trial, while the court, in *United States v. Fuentes-Lozano, supra*, granted the motion in the interests of expediency. We observe that these alternatives are not mutually exclusive nor do they exhaust all possibilities, *i.e.*, temporary or limited remand.

▮ In the case at bar an unconditional remand motion was requested and granted prior to the District Court's entertainment of the motion for a new trial. Ordinarily, an unconditional remand contemplates termination of jurisdiction. *See e.g., Three J Farms, Inc. v. Alton Box Board Co.*, 609 F.2d 112, 115 (4th Cir. 1979), *cert. denied*, 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980); *International Union, United Mine Workers of America, Dist. 17 and 28 v. N. L. R. B.*, 468 F.2d 1139, 1142 (D.C.Cir., 1972).

It seems absolutely clear, in the instant case, that Siviglia did not intend that his remand motion made in *No. 79–1004* foreclose his future appeal on the merits. That was, however, the effect of the unconditional remand order. Our research indicates that this court has not heretofore expressed its policy with respect to such a situation. We need not be concerned further about the matter, however. The United States Supreme Court recently and definitively resolved the matter.

In *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), the Court held:

> ... the finality requirement embodied in § 1291 is jurisdictional in nature. If the appellate court finds that the order from which a party seeks to appeal does not fall within the statute, its inquiry is over. A court lacks discretion to consider the merits of a case over which it is without jurisdiction, and thus, by definition, a jurisdictional ruling may never be made prospective only. We therefore hold that because the Court of Appeals was without jurisdiction to hear the appeal, it was without authority to decide the merits. p. 379, 101 S.Ct. p. 676. [Footnote omitted].

*Firestone* is dispositive. It rejected the rationale of those courts which have made their non-appealability decisions prospective only in order to reach the merits of the disputes before them. The *Firestone* opinion, in recognition of the "scarce judicial resources", refused to broaden the scope of the finality rule.

We affirm in Case No. 79–2180. We dismiss the appeal in Case No. 79–1004.

## ON REHEARING EN BANC

Before SETH, Chief Judge, and HOLLOWAY, McWILLIAMS, BARRETT, DOYLE, McKAY, LOGAN and SEYMOUR, Circuit Judges.

PER CURIAM.

A three-judge panel of this Court filed its opinion in these two appeals on June 15, 1981. 28 U.S.C. § 46 (1976). The three-judge panel affirmed the judgment of the district court in No. 79–2180 and dismissed the appeal in No. 79–1004. On June 29, 1981, Siviglia, the appellant in both cases,

filed a petition for rehearing, with the suggestion that both appeals be reheard en banc. On August 19, 1981, this Court granted Siviglia's petition for rehearing en banc. The opinion of the panel, filed on June 15, 1981, has not been withdrawn. Thereafter, the parties were permitted to file supplemental briefs, and the cases were reargued to the Court, sitting en banc, on May 6, 1982.

### No. 79–2180

Although a rehearing en banc was granted in each of these two appeals, the supplemental briefs and the oral argument of counsel related only to No. 79–1004. As indicated, in No. 79–2180, the panel affirmed the order of the district court denying Siviglia's motion for dismissal or a new trial. On rehearing en banc, the Court adheres to the judgment of the panel in No. 79–2180, and affirms the order of the district court.

### No. 79–1004

The supplemental briefs and the oral argument were concerned exclusively with No. 79–1004. In No. 79–1004, the panel dismissed the appeal on the ground that an earlier remand order divested the Court of jurisdiction to consider the merits of the appeal. On rehearing en banc of No. 79–1004, the Court adheres to the order of the panel dismissing the appeal.

For background material, the reader of this opinion is directed to the opinion of the panel. *United States v. Siviglia,* 686 F.2d 832 (10th Cir. 1981). It is sufficient for our present purposes simply to note that on August 27, 1979, Siviglia, through counsel, filed a motion to remand his case to the district court. As of that date, the appeal had been fully briefed, and the case was set for oral argument in the September, 1979, term of court. On August 31, 1979, the government filed a response to the motion to remand, in which the government objected to a remand on the ground that it was a delaying tactic. On September 7, 1979, the Court granted Siviglia's motion for remand. Our remand order was an unqualified remand, *i.e.,* not a partial remand, and contained no conditions or limiting language.

The panel, in dismissing No. 79–1004, held that the unqualified remand order terminated our jurisdiction of that appeal. The Court, on rehearing en banc, adheres to the panel's order of dismissal in No. 79–1004.

The Court notes that Siviglia's motion to remand was itself "unqualified" in nature in that he did not request a partial remand for a limited purpose. In his motion to remand, Siviglia stated that he intended to file with the district court a motion for dismissal, or, alternatively, for a new trial, and that a remand was necessary in order to permit the district court to consider, and to grant such motion. Fed.R.Crim.P. 33. In the motion for remand, Siviglia declared that *if* the district court were to grant his motion for dismissal, or new trial, further prosecution of the direct appeal, No. 79–1004, would be unnecessary. Significantly, Siviglia further declared that should the district court deny his motion for dismissal or new trial, he would then appeal "such denial." After remand, Siviglia in fact did file a motion for dismissal, or for a new trial, which the district court, after hearing, denied. As above indicated, we have affirmed such denial in No. 79–2180.

We find nothing in Siviglia's motion to remand to indicate that he sought only a partial or limited remand in order to preserve the direct appeal of his conviction should the district court deny his motion for dismissal or new trial. On the contrary, Siviglia advised the Court in his motion to remand that should the district court deny his motion for dismissal or new trial, he intended to appeal "such denial," which he did. Accordingly, the motion for remand, in practical effect, constituted an abandonment of any appeal going to the merits of his conviction. In this connection, our examination of Siviglia's brief addressing the merits of his second conviction indicate quite clearly that his grounds for reversal are unsubstantial. So, the motion for remand indicates, to us, that Siviglia was staking all on his ability to convince the district court that the charges against him should either be dismissed, or that he should be granted a new trial thereon, or, absent

that, a reversal on appeal of any such denial order.

■ By supplemental brief, current counsel for Siviglia, who did not prepare the motion for remand or otherwise actively represent Siviglia until the rehearing en banc, suggests that Siviglia has been denied his Sixth Amendment right to the effective assistance of counsel. That particular issue cannot be injected into the present proceeding in such offhand manner. Furthermore, there is nothing in the record to support the suggestion.

■ In sum, this Court had jurisdiction over Siviglia's direct appeal of his criminal conviction in No. 79–1004 until September 7, 1979, on which date we granted defendant's unqualified motion to remand to the district court. Our unqualified remand of the case operated to divest us of jurisdiction. See Dist. 17 and 28, U.M.W. v. N.L. R.B., 468 F.2d 1139, 1142 (D.C.Cir.1972). Having lost jurisdiction, we could not regain it until a proper appeal had been perfected. Siviglia's attempt to revive No. 79–1004 was untimely and, as such, cannot constitute a proper appeal. Accordingly, No. 79–1004 must be dismissed for want of jurisdiction.

HOLLOWAY and LOGAN, JJ., dissent, and a dissenting opinion, or dissenting opinions, will be filed.

Holloway, J., concurred in part and dissented in part and filed opinion in which Logan, J., joined.

HOLLOWAY, Circuit Judge, with whom LOGAN, Circuit Judge, joins, concurring and dissenting:

I am in agreement with the result reached by the majority's opinions [1] in No. 79–2180, affirming the district court's denial of Siviglia's motion for dismissal or a new trial.[2] However, I cannot agree with the majority's ruling in No. 79–1004 that we are without jurisdiction to hear the merits of that original appeal because of an earlier order of remand entered to permit filing and consideration of the motion to dismiss or for a new trial.

The effect of the majority ruling in No. 79–1004 is to dismiss Siviglia's original pending appeal without any consideration ever being given to the merits of the issues raised by that appeal of right. No sound reason for such a harsh result is given. First, the majority points to no criminal rule nor to any rule or decision of this court holding that after denial of the motions by the district court, consideration of the original appeal would be foreclosed unless the motion to remand were technically worded so as to avoid seeking an "unconditional" or "unqualified" remand, as the Siviglia I and II opinions state. Second, Siviglia's motion to remand, made so that his motions to dismiss or for a new trial could be filed and considered by the district court, can in no way be read as intending to ask for a dismissal or outright abandonment of his original appeal. Thus applying this new procedural rule, now adopted, to Siviglia's August 1979 motion to remand unjustly defeats consideration of a criminal appeal on its merits.

First, neither the Federal Rules of Appellate Procedure, the Federal Rules of Criminal Procedure, nor the Rules of Court for the Tenth Circuit specify that to preserve the pending appeal, a motion must be made for a "conditional" or "qualified" remand, as now required by the majority. Moreover, the procedure for such a motion is not clearly staked out. As this court noted in Siviglia I, under Fed.R.Crim.P. 33 a federal district court may properly entertain a new trial motion based on newly discovered evidence during the pendency of an appeal. However, the motion may be granted only on remand of the case. Id. at 835.

---

1. The panel's opinion in the instant case, United States v. Siviglia, 686 F.2d 832 (10th Cir.), will hereinafter be referred to as Siviglia I while the court's subsequent en banc opinion, United States v. Siviglia, 686 F.2d 832 (10th Cir.), will be referred to as Siviglia II.

2. I am persuaded that the record supports the district court's finding that it was not shown that the newly discovered evidence in question could not have been obtained in the first trial.

Rule 33 does not indicate that initial application should not be made in the appellate court for leave to file the motion in the district court.[3] In short, I find that the various rules provided no mandatory sequence for the proper procedural steps in such circumstances. Indeed, if this court had adopted the procedure indicated in some other circuits, (*see* n.3, *supra*), it would have denied the motion to remand and directed that the Rule 33 motion be filed in the district court, thus preserving the merits of Siviglia's appeal.[4] Most importantly, I find no authority dictating the harsh result of treating Siviglia's original appeal as abandoned upon the granting of his motion to remand.

Second, I must dissent because we cannot construe Siviglia's motion to remand as intending to dismiss his original appeal. We cannot reasonably impute to his motion for remand an intent to abandon completely his appeal in No. 79–1004 and to pin all his hopes on persuading the district court to grant a new trial on newly discovered evidence. Such an interpretation of Siviglia's motion is unjustified.[5]

A motion to remand, even when not worded as a request for a "conditional" or "limited" remand, is no more than a motion to remand. Yet, in effect, the majority has treated Siviglia's motion as a motion to dismiss his appeal. *See* Fed.R.App.P. 42(b). The *Siviglia II* opinion says that Siviglia's motion stated that if the new trial were granted, further prosecution of the appeal in No. 79–1004 would be unnecessary and that Siviglia further said if the motion were

---

**3.** A number of Circuits have indicated that the motion for a new trial should be made, in the first instance, to the district court. *See, e.g., United States v. Lowell*, 649 F.2d 950, 967 (3d Cir.); *United States v. Frame*, 454 F.2d 1136, 1138 (9th Cir.), *cert. denied*, 406 U.S. 925, 92 S.Ct. 1794, 32 L.Ed.2d 126; *Knight v. United States*, 213 F.2d 699, 702 (5th Cir.); *Zamloch v. United States*, 187 F.2d 854, 855–56 (9th Cir.); *accord, United States v. Aguillar*, 387 F.2d 625, 626 (2d Cir.); *and see* 2 Wright, *Federal Practice and Procedure*, § 557, pp. 534–35. Our Tenth Circuit opinions and rules have not stated that view.

Thus, though Siviglia's difficulty might have been circumvented by presenting his motion directly to the district court, *see e.g., United States v. Ellison*, 557 F.2d 128, 132 (7th Cir.), *cert. denied*, 434 U.S. 965, 98 S.Ct. 504, 54 L.Ed.2d 450; *United States v. Hays*, 454 F.2d 274, 275 (9th Cir.), our decisions did not require that he should do so. See our own precedent in *Heald v. United States*, 175 F.2d 878, 883–84 (10th Cir.), *cert. denied*, 338 U.S. 859, 70 S.Ct. 101, 94 L.Ed. 526 and *United States v. Fuentes-Lozano*, 580 F.2d 724, 726 (5th Cir.). "The purpose of the provision of Rule 33, which permits the hearing, but not the granting of the motion, in a case in which an appeal has been taken, is to expedite proceedings." *Rakes v. United States*, 163 F.2d 771, 772 (4th Cir.). Indeed, it has been said that "as here, to avoid delay, the appellant may seek [from the court of appeals] a remand for the purpose of permitting the district court fully to entertain the motion." *United States v. Fuentes-Lozano, supra*, 580 F.2d at 726.

**4.** The appeal could then be held in abeyance until the trial judge certified to this court whether he would grant or deny the motion for new trial. *See United States v. Smith*, 331 F.2d 145, 146 (6th Cir.).

**5.** Siviglia's motion read in pertinent part as follows:

*MOTION TO REMAND*

Comes now Defendant-Appellant Joseph A. Siviglia, by and through his attorney of record, Hank Farrah, and respectfully moves this Court to remand to the District Court for the District of New Mexico the above-styled cause. As grounds therefore Defendant-Appellant would show the Court the following:

1.) That Defendant-Appellant intends to file in the District Court a Motion for Dismissal of Charges or in the alternative for a New Trial, a copy of which is attached hereto, Labeled "Exhibit A", and incorporated herein by reference. The basis for such motion is newly discovered evidence as more fully explained in the Motion itself.

2.) If the District Court for the District of New Mexico were to grant Defendant-Appellant's Motion for Dismissal, this Appeal would be unnecessary. However, if the District Court for the District of New Mexico denies Defendant-Appellant's Motion for Dismissal, Defendant-Appellant would appeal such denial. Thus it would be expeditious and economical in terms of judicial time and expense if the above-styled appeal were Remanded to permit consideration of Defendant-Appellant's Motion for dismissal in the Court below.

Defendant-Appellant has sought concurrence of counsel for the United States in this motion and concurrence has been denied.

Respectfully submitted,

. . . . .

denied, he would appeal that denial. The inference is drawn that he intended not to also pursue his original appeal if the new trial were denied. The inference is unjustified, in my judgment, and we should not infer such an intent without a clear basis. In fact, in *Siviglia I*, the panel earlier concluded (slip op. at 8, 686 F.2d 832 at 836):

> *It seems absolutely clear, in the instant case, that Siviglia did not intend that his remand motion made in No. 79–1004 foreclose his future appeal on the merits.* That was, however, the effect of the unconditional remand order. (Emphasis added).

I would not infer that Siviglia intended to foreclose pursuing the merits of his appeal in No. 79–1004 and would not hold that the remand order compels that result.

The authorities relied on by the majority do not support this harsh result. *Siviglia I* cites *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571, a civil case. There the Supreme Court vacated a judgment of the Eighth Circuit, 612 F.2d 377, and held that the court of appeals had improperly reached the merits of an order denying a motion to disqualify an attorney, which the Court held not to be a final decision as required by 28 U.S.C. § 1291. We are not construing § 1291 and the finality rule. In 79–1004, Siviglia perfected an appeal from a final judgment in the district court. That judgment has been neither vacated nor reviewed in any manner and the appeal therefrom remains to be considered on its merits. Moreover, the reliance of *Siviglia I* on the statement in *Firestone* that "a jurisdictional ruling may never be made prospective only" is unpersuasive; the rule adopted by the majority here is itself unsound and is not supported by principles of retrospective or prospective application.

The opinions also cite *International Union, United Mine Workers of America, Dist. 17 and 28 v. N.L.R.B.*, 468 F.2d 1139 (D.C. Cir.) and *Three J Farms, Inc. v. Alton Box Board Co.*, 609 F.2d 112 (4th Cir.), *cert. denied*, 445 U.S. 911, 100 S.Ct. 1090, 63

L.Ed.2d 327 as support for their holding. In *International Union*, another civil case, the court of appeals had remanded, apparently without a motion from either party, to the Board. The Board conducted hearings and subsequently the court of appeals, *sua sponte*, ordered the case consolidated with another case for review. At that point, the court's jurisdiction was challenged and the court stated that, as a result of the "unqualified" remand, the court was divested of jurisdiction. However, the court noted that there had been a new Board order dismissing the complaint and that no aggrieved party had yet appealed that new order. The case is thus unlike Siviglia's case where the judgment of conviction has not been disturbed, the original appeal from it is not disposed of, and the purpose of the remand has been served by the ruling on the motions in the district court so that appellate jurisdiction can again be exercised.

*Three J Farms*, still another civil case, is also inapposite. There, the case was removed to the federal court and subsequently it remanded to the state court, which resulted in the federal district court's loss of jurisdiction. The finality of such transfer of jurisdiction between court systems was indicated by 28 U.S.C. § 1447(d) which directs that "[a]n order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise ...." *But cf. Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 345–46, 96 S.Ct. 584, 590–591, 46 L.Ed.2d 542. This statute furthers expeditious procedure as well as "... respect for the state court and ... recognition of principles of comity." *In re La Providencia Development Corporation*, 406 F.2d 251, 252 (1st Cir.). We are not concerned with those policies as between the federal and state court systems in the instant criminal case, nor are we guided by such a statute.

I would hold that the order granting Siviglia's motion to remand resulted not in abandonment of the original appeal, but merely in remand of the case to the district court to permit it to rule on the motion to

dismiss or for a new trial.[6] After that motion was disposed of—here by a denial—I would hold that it is in order for us to proceed to disposition of the merits of the original appeal, after notification of the district court's ruling. *See United States v. Fuentes-Lozano*, 600 F.2d 552 (5th Cir.) (previously "remanded to permit the filing and consideration of the proposed motion [for a new trial]" at 580 F.2d 726). After the purpose of the remand has been served, there is no impediment to our re-exercising jurisdiction to decide the case. The procedure in *Fuentes-Lozano* is parallel to what happened in the instant case, as the wording of the remand order here shows. (*See* n. 6, *supra*). After disposition of the motion for a new trial in *Fuentes-Lozano,* the court of appeals decided the merits of the original appeal under the same docket number. 600 F.2d at 553. The original appeal in the main case and the appeal from an order denying a motion for a new trial may be consolidated. *See United States v. Butler*, 636 F.2d 727, 729 n.** (D.C.Cir.), *cert. denied*, 451 U.S. 1019, 101 S.Ct. 3010, 69 L.Ed.2d 392; *United States v. Hays*, 454 F.2d 274, 275 (9th Cir.).

Procedural rules should be construed to favor hearing criminal appeals on their merits, and not in a technical way which frustrates the statutory right of appeal. For these reasons I must dissent from the refusal to consider the merits in No. 79–1004.

---

**6.** The order of remand was entered on September 7, 1979, by a single Circuit Judge of this court, the order stating that:

This matter comes on for consideration of appellant's motion to remand the captioned cause to the United States District Court for the District of New Mexico for the purpose of permitting the appellant to file with said court a motion for dismissal of the charges or, in the alternative, for a new trial.

Upon consideration whereof, appellant's motion is granted.

The captioned case is vacated from this Court's September Calendar on Friday, September 14, 1979, and counsel are excused from attendance at that time.

It is further ordered that the cause is remanded to the United States District Court for the District of New Mexico.

The Clerk shall certify a copy of this order to the said court as and for the mandate.