**Meliton M. GARCIA, Plaintiff-Appellant,**

v.

**The REGENTS OF the UNIVERSITY OF CALIFORNIA d/b/a Los Alamos National Laboratory, Defendant-Appellee.**

No. 83–1826.

United States Court of Appeals,
Tenth Circuit.

July 2, 1984.

George M. Scarborough, Santa Fe, N.M., for plaintiff-appellant.

Mark F. Sheridan of Montgomery & Andrews, P.A., Santa Fe, N.M., for defendant-appellee.

Before McKAY, LOGAN and SEYMOUR, Circuit Judges.

PER CURIAM.

This matter first came to us for consideration of appellant's motion for a partial remand in order to permit the trial court to consider the motion pursuant to Rule 60(b), Federal Rules of Civil Procedure. We de-

nied that motion because we assumed that appellant did not wish to lose the issues raised in the primary appeal while seeking to preserve new issues to be raised on this 60(b) motion. We are now confronted with a renewed motion—this time to dismiss the appeal. It is apparent from the moving papers that appellant does not wish to abandon the issues first raised in the appeal but is frustrated in an attempt to get before the court whatever issues it seeks to raise by its proposed 60(b) motion in the trial court. Other circuits have spoken definitively on the issue in cases involving the parallel problem arising in criminal cases under Rule 33 of the Federal Rules of Criminal Procedure; this circuit has not done so in a single case. We have concluded that this case is a proper vehicle in which to set forth definitively the proper procedures to be followed in both civil and criminal cases when a party whose appeal is pending seeks to raise issues appropriately first raised by a Rule 60(b) motion as well as under Rule 33.

We have previously held that an unconditional motion for remand for a new trial, if granted, terminates jurisdiction in this court and leaves open to future consideration only an appeal from the grant or denial of the motion for a new trial. *United States v. Siviglia,* 686 F.2d 832, 836, 838 (10th Cir.1982), *cert. denied,* — U.S. —, 103 S.Ct. 1902, 77 L.Ed.2d 289 (1983).

■ It is settled that under Rule 33 of the Federal Rules of Criminal Procedure a district court may entertain a motion for new trial during the pendency of an appeal, although the motion may not be granted until a remand request has been granted by the appellate court. *United States v. Cronic,* — U.S. —, 104 S.Ct. 2039, 2051 n. 42, 80 L.Ed.2d 657 (1984), *United States v. Siviglia,* 686 F.2d at 835; *United States v. Fuentes-Lozano,* 580 F.2d 724, 725–26 (5th Cir.1978); *United States v. Ellison,* 557 F.2d 128, 132 (7th Cir.), *cert. denied,* 434 U.S. 965, 98 S.Ct. 504, 54 L.Ed.2d 450 (1977); *United States v. Phillips,* 558 F.2d 363, 363–64 (6th Cir.1977); *United States v. Frame,* 454 F.2d 1136, 1138 (9th Cir.),

*cert. denied,* 406 U.S. 925, 92 S.Ct. 1794, 32 L.Ed.2d 126 (1972); *Ferina v. United States,* 302 F.2d 95, 107 n. 1 (8th Cir.), *cert. denied,* 371 U.S. 819, 83 S.Ct. 35, 9 L.Ed.2d 59 (1962). There is no sound reason to distinguish Rule 60(b) of the Federal Rules of Civil Procedure. Faced with that fact, this court, confronted with the motion to remand before the trial court has heard the motion for a new trial pursuant to Rule 60(b), has three alternatives: (1) it can remand unconditionally as was done in *Siviglia* but at great risk to the appellant; (2) it can partially remand for consideration of the motion for new trial, retaining jurisdiction over the original appeal and consolidating any subsequent appeal from action on the motion for new trial after the trial court has acted; or (3) it can deny the motion to remand without prejudice, permitting the parties to proceed before the trial court on the motion, and grant a renewed motion to remand after the trial court has indicated its intent to grant the motion for a new trial. If the trial court denies the motion for new trial, it can do so without a remand from this court and appeal may be taken therefrom and consolidated with the original appeal if still pending.

■ We believe the last practice is consistent with sound administration and prior decisions unless the appellant indicates a clear intent to abandon the original appeal. *See United States v. Siviglia,* 686 F.2d 832 (10th Cir.1981), *cert. denied,* — U.S. —, 103 S.Ct. 1902, 77 L.Ed.2d 289 (1983); *United States v. Phillips,* 558 F.2d 363 (6th Cir.1977); and *United States v. Fuentes-Lozano,* 580 F.2d 724 (5th Cir.1978). In light of our view of the soundest practice, the motion to remand is denied without prejudice to renewal in the event that the trial court shall certify to this court that it is inclined to grant the motion for a new trial. If the trial court denies the motion for a new trial, it can do so without a remand from this court, and appeal may be taken from the denial of that motion and consolidated with this case currently pending before this court. If we have misconstrued appellant's intent, a motion to dis-

miss with prejudice may be renewed before this court and will be granted.

Appellee has objected to this second motion unless costs are awarded. The motion for costs at this time is denied. When this appeal is settled either by determination on the merits or by other means, the court will entertain an appropriate motion with reference to costs as to all aspects of this proceedings.