UNITED STATES of America,
Plaintiff-Appellee,

v.

Dan DRAPER, Jr. and Joe Fitzgibbon,
Defendants-Appellants.

Nos. 83–2346, 83–2347.

United States Court of Appeals,
Tenth Circuit.

Oct. 17, 1984.

Gene Stipe (Eddie Harper and Anthony M. Laizure of Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks, Tulsa, Okl., with him on the brief), for defendant-appellant Joe Fitzgibbon.

Bruce Green of Green & Green, Muskogee, Okl., for defendant-appellant Dan Draper, Jr.

Sara Criscitelli, Atty., Washington, D.C. (Stephen S. Trott, Asst. Atty. Gen., Washington, D.C., with her on the brief), Dept. of Justice, for plaintiff-appellee.

Before LOGAN and McWILLIAMS, Circuit Judges, and BOHANON, District Judge.*

McWILLIAMS, Circuit Judge.

Dan Draper, Jr. and Joe Fitzgibbon were convicted by a jury sitting in the United States District Court for the Eastern District of Oklahoma of conspiracy and multiple counts of mail fraud, in violation of 18 U.S.C. § 371 and § 1341. Each defendant was sentenced to three years' imprisonment. Each then filed a timely notice of appeal.

While their appeals were pending in this Court, the appellants filed, under Fed.R. Crim.P. 33, in the district court a joint motion for new trial based on purportedly newly discovered evidence indicating that certain of the government's witnesses at trial had committed perjury. The district court held a three-day evidentiary hearing concerning the matters raised by appellants in their motion for new trial. The district judge then entered an order wherein he stated that it was his intent to grant a new trial on remand of the matter. The basis for the district judge's order was that numerous government witnesses at trial had recanted their earlier testimony in the hearing on the appellants' motion for a new trial.

It was in this setting that the district judge filed in this Court, in each of these appeals, a Request for Order Remanding Case to the United States District Court for the Eastern District of Oklahoma. In that request the district court certified to this Court his "intent to grant a new trial as to both defendants, upon remand of the case to this Court...."

This Court thereafter ordered the parties to file a statement of position concerning the district court's request for remand. The appellants stated that they did not object to a remand for the purposes indicated by the district court. The government objected to a remand, claiming that this Court, in the present posture of the matter, had the power to review the propriety of the district court's announced intent to grant, on remand, a new trial, and that in this regard the district court's order constituted an abuse of discretion and was otherwise contrary to the law.

Thereafter, this Court ordered the parties to brief the issues raised by the district court's request for remand, as well as the issues raised in the direct appeals, and that the record made at the hearing on appellants' motion for new trial be filed with this Court, along with the record on appeal which had been retained in the district court. The foregoing order was complied with, and the entire matter was argued before a panel of this Court on September 10, 1984.

The first matter to be resolved is the district court's request for remand for the purpose of granting appellants a new trial. If that be granted, the direct appeals will then, for practical purposes, become moot. For the reasons set forth below, we believe that the district court's request for remand should be granted.

In *United States v. Sanges*, 144 U.S. 310, 312, 12 S.Ct. 609, 609, 36 L.Ed. 445 (1892), the Supreme Court stated that the "overwhelming weight of American authority" is that the United States may not appeal a judgment in favor of a defendant in a criminal case, regardless of whether that judgment was rendered upon a jury's verdict of acquittal or upon a determination by a court of a question of law, "except under and in accordance with express statutes." In *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 568, 97 S.Ct. 1349, 1352, 51 L.Ed.2d 642 (1976), the Supreme Court, in line with *Sanges*, reiterated that "[I]t has long been established that the United States cannot appeal in a criminal case without express congressional authorization."

■ 28 U.S.C. § 1291 provides that courts of appeal shall have jurisdiction of appeals from all *final* decisions of the dis-

---

* Honorable Luther L. Bohanon of the United States District Court for the Eastern District of Oklahoma, sitting by designation.

trict courts of the United States. An order of a district court granting a defendant's motion for a new trial in a criminal case is not a *final* judgment as that term is used in § 1291. *E.g., United States v. Hitchmon,* 602 F.2d 689, 692 (5th Cir.1979); *United States v. Taylor,* 544 F.2d 347 (8th Cir.1976).

18 U.S.C. § 3731 provides for an appeal by the United States to a court of appeals from the district courts in criminal cases in two instances: (1) from a judgment setting aside or dismissing an indictment or information, unless the double jeopardy clause would prohibit further prosecution; or (2) from an order granting a motion for return of seized property or a motion to suppress evidence made before trial. Although the Supreme Court has stated that the legislative intent behind § 3731 was "to remove all statutory barriers to government appeals and to allow appeals whenever the Constitution would permit," *United States v. Wilson,* 420 U.S. 332, 337, 95 S.Ct. 1013, 1018, 43 L.Ed.2d 232 (1974), we do not believe that Congress intended to alter our jurisdiction so as to include non-final judgments. *See United States v. Dior,* 671 F.2d 351, 355 (9th Cir.1982). Notwithstanding the intended "breadth of the coverage of § 3731," it has been repeatedly held that § 3731 does *not* authorize a government appeal from an order of a district court granting a new trial to a defendant in a criminal case. *United States v. Alberti,* 568 F.2d 617, 620 (2d Cir.1977); *United States v. Hitchmon,* 602 F.2d 689 (5th Cir. 1979).

Moreover, it has been generally held that mandamus cannot be used by the government to obtain review of an order of a district court granting a new trial. *United States v. Dior,* 671 F.2d 351, 357 (9th Cir. 1982). In like vein, in *In re United States,* 598 F.2d 233 (D.C.Cir.1979), the Court of Appeals held that mandamus would not lie to vacate an order of a district court granting a new trial nor to reinstate verdicts of guilty returned by a jury. In so holding, the court stated that "it is not the office of mandamus to correct erroneous interlocutory orders that are within a trial court's jurisdiction." *Id.* at 236, citing *Will v. United States,* 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967). *Cf. In re United States,* 565 F.2d 173 (1st Cir.1977).

Under the authorities above cited, the government in the instant case could not itself appeal the order of the district court granting the appellants a new trial. We also believe that the better rule is that the government, in the instant case, could not obtain review of the district court's order granting a new trial through mandamus. In short, an order of a trial court granting a new trial in a criminal case is not a final judgment within the meaning of 28 U.S.C. § 1291, nor is it within the purview of 18 U.S.C. § 3731.

The government, as we understand it, recognizes the general rules above set forth, but argues that a different result should obtain in the instant case solely because of the fact that there are pending appeals. Such fact, according to the government, permits us to review the *propriety* of the district court's order granting appellants a new trial. We decline to carve out such an exception to the general rule.

Fed.R.Crim.P. 33 provides, in part, that a motion for a new trial based on newly discovered evidence may only be made within two years after final judgment, and that, if an appeal be pending, the district court may grant such motion only on remand of the case. The foregoing rule has been interpreted by various courts as authorizing a district court, while a direct appeal is pending, to *entertain* a motion for new trial on the grounds of newly discovered evidence and *deny* it, but that should the district court be of the view that a new trial should be granted, it should certify its intent to the appellate court and may enter its order granting a new trial *only* upon remand. *Garcia v. Regents of the University of California,* 737 F.2d 889 (10th Cir.1984); *United States v. Fuentes-Lozano,* 580 F.2d 724, 726 (5th Cir.1978). In *United States v. Comulada,* 340 F.2d 449, 452 (2d Cir.1965), the Second Circuit approved the foregoing procedure, and add-

ed that where the case is on appeal, the district court may certify that if the case is remanded a new trial will be granted, "and the appellate court will generally comply by remanding the case." *See also Zamloch v. United States*, 187 F.2d 854, 855 (9th Cir.1951) (where trial court "signifies a willingness to grant the motion [for new trial] then this court will remand for that purpose").

■ *Rakes v. United States*, 163 F.2d 771 (4th Cir.1947), relied on here by the government, actually, in our view at least, supports our resolution of the problem. In *Rakes*, the Fourth Circuit stated that where an appeal is pending and the district court has indicated its intent to grant a new trial, the "orderly course" is for the appellate court to remand the cause in order that the motion may be granted, "unless we are prepared to say that there was no reasonable basis for the motion and that ... [the district judge] abused his discretion in the action taken by him." The government relies on the language just quoted in arguing that this Court should review the propriety of the district court's announced intent to grant a new trial on remand. However, immediately following the quoted language appears the following: "In this situation it is not our province to decide, and we express no opinion as to whether the motion should have been granted." We think the "orderly course" in the instant case is to grant the district court's request for remand, and in so doing we express no opinion on the correctness of the district court's announced intent. *See Gordon v. United States*, 383 F.2d 936, 938 (D.C.Cir.1967) *cert. denied*, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968) ("On appeal this Court remanded the case to the District Court without considering the merits when it appeared that the District Court had indicated a willingness to grant a new trial because of newly discovered evidence").

We note in passing that several older cases in our circuit may readily be distinguished from the instant case. In *Evans v. United States*, 122 F.2d 461 (10th Cir.1941),

*cert. denied*, 314 U.S. 698, 62 S.Ct. 478, 86 L.Ed. 558 (1942), this Court refused to remand the case in order that the defendant might file a motion for new trial. Unlike the instant case, there was no indication by the trial court that such a motion would be granted. In *Beckwith v. United States*, 367 F.2d 458 (10th Cir.1966), we refused to remand the case under Fed.R.Crim.P. 33 so that the district court could pass upon a motion for new trial. This Court, however, noted that such motions were "addressed to the trial court," and, therefore, "refrain[ed] from commenting on the merits of the motion...." *Id.* at 461. In Beckwith, unlike the instant case, there was no indication by the trial court that it intended to grant the motion.

We also note that several cases have used language which, if read literally, would invest the appellate courts with discretion to review the propriety of granting a new trial before remanding the case. *See, e.g., United States v. Fuentes-Lozano*, 580 F.2d 724, 726 (5th Cir.1978) ("district court should certify its intent to grant the motion so the appellate court may entertain a motion to remand"); *United States v. Comulada*, 340 F.2d 449, 452 (2d Cir.1965), *cert. denied*, 380 U.S. 978, 85 S.Ct. 1343, 14 L.Ed.2d 272 (1965) ("appellate court will generally comply [with district court's request for remand] by remanding the case"). No cases cited in the briefs, nor uncovered in our own research, however, actually reviewed the merits of a motion for new trial where the motion had been filed in the trial court and the trial court had certified its intent to grant the motion. Trial courts are well aware that "the standard for granting such a motion based on new evidence is extremely stringent," *United States v. Weninger*, 624 F.2d 163, 167 (10th Cir.1980), *cert. denied*, 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980), and that such a motion "is not regarded with favor, and is granted only with great caution ...," *United States v. Plum*, 558 F.2d 568, 576 (10th Cir.1977). In the instant case, the trial judge is well acquainted with the facts, and was able to hear the testimony at both the trial and the hearing on the new

trial motion. He is in a much better position to judge the merits of the motion than are we. We are mindful that it is "important for the orderly administration of criminal justice that findings on conflicting evidence by trial courts on motions for a new trial based on newly discovered evidence remain undisturbed except for the most extraordinary circumstances...." *United States v. Johnson,* 327 U.S. 106, 111, 66 S.Ct. 464, 466, 90 L.Ed. 562 (1946). Thus we view the better approach as being to grant a remand when requested by a trial judge and accompanied by a certification of his intent to grant a timely motion for new trial. By so doing, we defer to the trial court's first-hand knowledge of the case when it chooses to grant such extraordinary relief.

To uphold the government's position would to us create an anomaly, i.e., where there is no appeal pending in a criminal case, a district court's order granting a timely motion for new trial based on newly discovered evidence is unreviewable by us, either by direct appeal or mandamus; whereas, if an appeal on the merits of the conviction is pending, an order of a district court indicating its intent to grant a new trial on the grounds of newly discovered evidence would be subject to appellate review on the merits. Such is incongruous. In our view, the rule ought to be the same in either situation.\*\*

The district court's request for remand is granted and the matter is remanded for the purpose of permitting the district court to grant a new trial for both appellants. As noted at the outset, appellants do not object to such a remand. When the district court enters its order granting a new trial, such fact should be certified to this Court. We will then dismiss both appeals as moot.

---

\*\* We also note that if an appellate court has affirmed the conviction below, the trial court may grant a timely motion for new trial on the basis of newly discovered evidence, and such an order would not be reviewable by the appellate court. *See United States v. Tremont,* 438 F.2d 1202 (5th Cir.1971); *Harrison v. United States,*

191 F.2d 874 (5th Cir.1951). The fortuity of whether a defendant has filed a motion for new trial at a time when an appeal is pending should not permit the government to obtain review of what would otherwise be an unreviewable, non-final order of the trial court.