**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Dan DRAPER, Jr. and Joe Fitzgibbon,
Defendants-Appellees.**

Nos. 84–2544, 84–2545.

United States Court of Appeals,
Tenth Circuit.

May 9, 1985.

Rehearing Denied July 12, 1985.

Gene Stipe (Eddie Harper and Anthony M. Laizure of Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks, Tulsa, Okl., with him on the brief), for defendant-appellee, Joe Fitzgibbon.

Bruce Green of Green & Green, Muskogee, Okl., for defendant-appellee, Dan Draper, Jr.

Sara Criscitelli, Atty. (Stephen S. Trott, Asst. Atty. General, with her on the brief), Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Before LOGAN and McWILLIAMS, Circuit Judges, and BOHANON, District Judge.*

* Honorable Luther L. Bohanon of the United States District Court for the Eastern District of Oklahoma, sitting by designation.

McWILLIAMS, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of these appeals. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

These two appeals stem from our opinion in *United States v. Draper*, 746 F.2d 662 (10th Cir.1984). In our earlier opinion, we granted the request of the trial court for a remand for the limited purpose of granting a new trial for both defendants, and retained jurisdiction of the defendants' direct appeals, indicating that once the new trials were granted the two defendants, their direct appeals would be dismissed as moot.

Acting in accord with his understanding of our earlier opinion, the trial judge, on October 24, 1984, entered an order granting each of the defendants a new trial. On November 2, 1984, the government filed a notice of appeal from the district court's order of October 24, 1984, granting the defendants a new trial, which appeals are the subject matter of the present opinion.

By our earlier opinion, we held that the United States had no right to get appellate review, be it by direct appeal or mandamus, of an order of a trial court granting a defendant in a criminal proceeding a new trial, holding that such was not a final judgment within the meaning of 28 U.S.C. § 1291 or within the purview of 18 U.S.C. § 3731. The United States does not in the present proceeding challenge, as such, the correctness of that holding. Rather, the United States points out that by intervening statute, which became effective on October 12, 1984, the law was changed so as to permit the United States to appeal an order of a district court granting a defendant in a criminal case a new trial. The Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, § 1206, amending 18 U.S.C. § 3731.

In the present appeals, the defendants, who appear here as appellees, filed a motion to dismiss, contending, *inter alia*, that to apply the "new law" to the instant case would result in a "manifest injustice" depriving them of vested rights and would be in violation of due process. The United States filed an answer to the appellees' motion to dismiss, and the appellees have responded thereto by a reply.

By order of April 5, 1985, we denied the appellees' motion to dismiss, citing *United States v. Nilson Van & Storage Co.*, 755 F.2d 362 (4th Cir.1985). In that same order, we stated that it was our intent to dispose of the instant appeals on the merits, and that in so doing we would rely on the briefs previously filed by the same parties in Nos. 83–2346 and 83–2347, *United States v. Draper and Fitzgibbon*, allowing the parties, however, the opportunity, if they were so inclined, to supplement their earlier briefs by typewritten memoranda to be filed no later than April 26, 1985. No supplemental or additional briefs were filed, and we shall now dispose of these appeals on the merits.

The parties agree that the issue now before us is whether the trial court, in granting appellees a new trial, abused its discretion or otherwise failed to follow the law. Before the actual granting of a new trial, the district court had previously held a three-day evidentiary hearing into the matters raised by the defendants' motion for a new trial and then issued a detailed order indicating a clear intent to grant a new trial once the matter was remanded by this court to the district court. The district court was of the considered view that at the hearing on the motion for a new trial the testimony of certain government witnesses was sufficiently different from their testimony at trial as to warrant a new trial. We are not inclined to disturb this ruling.

It has been clearly settled that a trial court's denial of a motion for new trial

will not be disturbed on appeal absent "a clear abuse of discretion." *United States v. Ramsey*, 726 F.2d 601, 604 (10th Cir. 1984). We see no reason to adopt a different standard of review where the trial court grants a new trial. As we said in our earlier *Draper* opinion, the trial judge who presided at the trial of the case and later presided at the hearing on the motion for a new trial, had first-hand knowledge of the entire matter and is in a much better position than we, as an appellate court, to judge the merits of the motion. *Draper*, 746 F.2d at 665–66. The district court judge considered those factors this Court deemed important in *Ramsey*, 726 F.2d at 604, and decided that the substantial recantations by several government witnesses required that a new trial be ordered.[1] In ordering a new trial, we do not find an abuse of discretion on the part of the district court.

Judgments affirmed.

---

[1]. The government urges that the trial court must make a finding that the recantation was true before granting a new trial under *United States v. Ramsey*, 726 F.2d 601, 605 (10th Cir. 1984). Such is not required; *Ramsey* stated that a trial court need not order a new trial if it "finds that the recantation is false." *Id.* This merely restates the rule that the decision to grant a new trial lies in the discretion of the trial court. As stated in *Ramsey*, "the evaluation of the credibility of witnesses is a matter for the trial court...." *Id.* The trial court weighed the credibility of the recantations, and found that one witness had, under oath, "testified falsely so often that it has become impossible for this court to determine which ... is the truth." Thus, the district court decided to grant a new trial on the basis that it was "unconscionable to send any man to prison based upon perjured testimony." While uncertain of the truth of the recantation, the trial court was not satisfied that it was necessarily false. We find no abuse of discretion in this case, and defer to the trial court's judgement.