977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 QUARLES DRILLING CORPORATION, Plaintiff-Appellant,
v.
UNDERWRITERS AT INTEREST, LLOYDS, LONDON, SUBSCRIBING TO
POLICY NUMBER CV6 5510 00, Defendant-Appellee.
 No. 92-5065.
 United States Court of Appeals, Tenth Circuit.
 Oct. 13, 1992.
 
 Before McKAY, Chief Judge, and BARRETT, Circuit Judge, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's grant of summary judgment in favor of Defendant and denial of Plaintiff's motion for summary judgment. We affirm.
 
 
 3
 Plaintiff entered into a turnkey drilling contract with Santa Fe Energy Operators, LP (Santa Fe) whereby Plaintiff agreed to drill a deep gas well to a depth of 16,500 feet. A downhole blowout occurred when the well had been drilled to 14,419 feet. A dispute arose as to who was responsible for the blowout and, consequently, the costs incurred therefrom. Plaintiff brought suit against Santa Fe in the United States District Court for the Southern District of Texas, and that court determined that, pursuant to the turnkey drilling contract, Plaintiff was responsible for any loss of the hole occurring before the objective depth was reached, absent gross negligence or willful misconduct by Santa Fe. Thereafter, the parties reached a settlement agreement as to the amount of damages to which Santa Fe was entitled.
 
 
 4
 Defendant, pursuant to its Insuring Agreements with Plaintiff, paid the settlement amount to Santa Fe. Plaintiff then filed an action in the district court complaining that Defendant had not met its entire obligation under the insurance contract; in addition to its payment to Santa Fe for costs incurred in connection with the blowout and damages associated with having a second well drilled, Plaintiff claimed that the Insuring Agreements obligate Defendant to pay Plaintiff the amount it was to have received from Santa Fe pursuant to the turnkey drilling contract for the completed well. The district court granted summary judgment in favor of Defendant, holding that the insurance agreement between Plaintiff and Defendant did not entitle Plaintiff to receive the amount it would have received had Plaintiff completed the well in accordance with the turnkey drilling contract. That court held that, because Plaintiff breached the turnkey drilling contract, it could not expect to receive the benefit of that contract. Plaintiff now appeals the district court judgment.
 
 
 5
 "We review the grant or denial of summary judgment de novo. We apply the same legal standard used by the district court under Fed.R.Civ.P. 56(c)...." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990) (citation omitted). Viewing the record in the light most favorable to the party opposing the motion, "[s]ummary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991).
 
 
 6
 We agree with the district court's holding that "a party to a contract cannot claim its benefits where he is the first to violate its terms." Western Plains Serv. Corp. v. Ponderosa Dev. Corp., 769 F.2d 654, 657 (10th Cir.1985). Plaintiff elected not to perform its obligations under the turnkey drilling contract after the blowout occurred, and the United States District Court for the Southern District of Texas determined that such nonperformance by Plaintiff constituted a breach of the turnkey drilling contract. Plaintiff made a business decision not to fulfill its contractual obligations and it cannot claim now that it is entitled to the money it would have received had it performed according to the contract. Plaintiff's claim that it is entitled to the contract price because it released potential claims against Santa Fe in the damage settlement is unfounded.
 
 
 7
 In addition, the Insuring Agreements between Plaintiff and Defendant specifically exclude coverage for loss of contract, income, or profits. Defendant met its obligations under the Insuring Agreements with Plaintiff when it satisfied Plaintiff's liability to Santa Fe for costs associated with the blowout and damages resulting from Plaintiff's breach of the turnkey drilling contract.
 
 
 8
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3