986 F.2d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 TOWN OF MOORCROFT, WYOMING and Lincoln Land Company, a
corporation, Plaintiffs-Appellees/Cross-Appellants,
v.
ENRON OIL TRADING & TRANSPORTATION COMPANY,
Defendant-Appellant/Cross-Appellee.
and
John Does 1-20, Defendants.
 Nos. 92-8012, 92-8013.
 United States Court of Appeals, Tenth Circuit.
 Feb. 8, 1993.
 
 Before TACHA and BALDOCK, Circuit Judges, and BROWN,* Senior District Judge.**
 ORDER AND JUDGMENT***
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant-appellant Enron Oil Trading & Transportation Company appeals from the district court's entry of summary judgment in favor of plaintiffs-appellees Town of Moorcroft, Wyoming and Lincoln Land Company, a Nebraska corporation. In a cross appeal, the plaintiffs (collectively referred to as plaintiffs or Lincoln) challenge the district court's interest calculation on the money judgment entered. We affirm the district court in all respects.[1]
 
 
 2
 Plaintiffs initiated this lawsuit to recover statutory interest, under Wyoming law, on mineral production proceeds which Enron suspended payment on from August 1984 through November 1989. Enron began purchasing production from a well near Moorcroft in 1984. It suspended the payment of production proceeds attributable to minerals underlying the streets of the town pending resolution of a title dispute concerning ownership of those interests. When the quiet title action filed to resolve the issue concluded, Enron released the accumulated funds to Lincoln as the rightful owner. See Town of Moorcroft v. Lang, 761 P.2d 96 (Wyo.1988), aff'd on reh'g, 779 P.2d 1180 (Wyo.1989).
 
 
 3
 Pursuant to Wyoming statute, if a purchaser or operator cannot make payment on an oil or mineral lease for any reason, the suspended proceeds must be deposited in an interest-bearing account and credited to the eventual owner. Wyo.Stat. § 30-5-302 (1983). Any purchaser violating this provision "is liable to the person or persons legally entitled to proceeds from production for the unpaid amount of such proceeds, plus interest at the rate of eighteen percent (18%) per annum." Id. § 30-5-303(a) (1983). Although Enron suspended payment on the proceeds at issue beginning in 1984, they were not deposited in a statutory interest account until December, 1987.
 
 
 4
 Enron maintains it is not liable to plaintiffs for interest under the statute because 1) the appropriate statute of limitations bars the claim, and 2) Lincoln Land is not the legal successor to the original dedicator of the Town of Moorcroft, and, as a consequence, it is not entitled to the funds. In its cross appeal, Lincoln challenges the district court's method of calculating the interest due. We review these legal issues de novo. See Estate of Holl v. Commissioner, 967 F.2d 1437, 1438 (10th Cir.1992); see also Salve Regina College v. Russell, 111 S.Ct 1217, 1221 (1991) (court of appeals should review district court's determination of state law de novo).
 
 Appeal No. 92-8012
 
 5
 Enron maintains this action is barred because it is a suit seeking a statutory penalty, and, as such, a one-year limitation period applies under Wyoming law. See Wyo.Stat. § 1-3-105(a)(v)(D) (1988). The district court rejected this reasoning, concluding that because the interest is "a liability created by statute other than a forfeiture or penalty", an eight-year limitation period is applicable. See id. § 1-3-105(a)(ii)(B) (1988).
 
 
 6
 Although the Wyoming Supreme Court has not addressed this issue, other courts are in general agreement that interest is compensation. See, e.g., Western Plains Serv. Corp. v. Ponderosa Dev. Corp., 769 F.2d 654, 657 (10th Cir.1985) (applying Wyoming law); Pegues v. Mississippi State Employment Serv., 899 F.2d 1449, 1453 (5th Cir.1990); Clark v. Paul Revere Life Ins. Co., 417 F.2d 683, 686 (8th Cir.1969). Its purpose is to reimburse the plaintiff for the use of money. See Western Plains Serv. Corp., 769 F.2d at 657. A penalty, on the other hand, is inflicted as a means of punishment. See 36 Am.Jur.2d Forfeitures and Penalties § 6 (1968).
 
 
 7
 Enron correctly points out that Wyoming cases analyzing this statute have referred to the eighteen percent interest as a "penalty". See, e.g., Cities Serv. Oil & Gas Corp. v. Wyoming, 838 P.2d 146, 155 (Wyo.1992); Independent Producers Mktg. Corp. v. Cobb, 721 P.2d 1106, 1109 (Wyo.1986). We agree with the district court, however, that this reference is not dispositive of the statute of limitations question. The decisions interpreting this statute make clear that the purpose of the Royalty Payment Act, of which this provision is a part, is to stop producers from using owners' money for their own benefit. Cobb, 721 P.2d at 1110. The eighteen percent interest is compensation for that use.
 
 
 8
 Furthermore, the Royalty Payment Act includes a section specifically addressing penalties. Section 30-5-303(c) assesses a penalty of $100 per month to any person who fails to provide interest owners the royalty information which is required under the Act. This is clearly intended as punishment, and contrasts with section 303(a), which is directed at compensating owners deprived of royalty interests. We hold that the one-year limitation period does not apply in this case. As a consequence, the action is timely.
 
 
 9
 In its second argument, Enron maintains Lincoln is not entitled to these funds because it is not the legal successor to the Lincoln Land Company which was the original dedicator of the Town of Moorcroft. The Supreme Court of Wyoming has determined that Lincoln Land Company or its successors and assigns are the rightful owners of the minerals underlying the streets of Moorcroft. Town of Moorcroft, 761 P.2d at 99, aff'd on reh'g, 779 P.2d at 1186. Enron's challenge is premised on the assertion that the Lincoln Land Company which is a plaintiff in this action is not in privity with the company identified in the Wyoming court's decision.
 
 
 10
 The original Lincoln Land Company was incorporated in 1880. It is not undisputed that this company platted the Town of Moorcroft and was the rightful owner of the minerals underlying its streets. In 1974, the original Lincoln Land Company dissolved. At the time of the dissolution, the corporation appointed a trustee who was responsible for winding up the affairs of the corporate entity. The corporation did not carry on any business from 1975 through 1985.
 
 
 11
 In March, 1984, production began on the well encompassing, in part, resources underlying the streets of Moorcroft. Approximately one and one-half years later, Lincoln Land Company filed documents with the Nebraska Secretary of State seeking to reincorporate. The articles of incorporation specifically stated the purpose of the "new" Lincoln Land Company was to "reincorporate and continue the business of the former Lincoln Land Company." Appellant's App. at 113. On October 7, 1985, the trustee for the original Lincoln Land Company executed a deed quitclaiming any interest of the trust in the minerals underlying Moorcroft to the new corporation.
 
 
 12
 Enron argues the new Lincoln Land Company cannot be a successor because the Nebraska corporate revival statute only speaks of reincorporation where dissolution occurred as a result of nonpayment of taxes and failure to file an annual report. See Neb.Rev.Stat. § 21-20, 135 (1991). The statute does not discuss reincorporation in any other context. Lincoln Land was clearly solvent at the time of its dissolution in 1974. The argument follows that the plaintiff here cannot, therefore, be a successor to the original Lincoln Land Company.
 
 
 13
 The parties do not dispute that Lincoln is currently a corporation in good standing in the state of Nebraska. The secretary of state accepted the articles of incorporation which expressly stated that the purpose of the new corporation was to revive the former corporate entity. Under Nebraska law, this reinstatement acts to
 
 
 14
 validate all contracts, acts, matters and things made, done and performed within the scope of its articles of incorporation ... during the time when such corporate existence was inoperative ... with the same force and effect and to all intents and purposes as if such corporate existence had at all times remained in full force and effect.
 
 
 15
 Neb.Rev.Stat. § 21-20, 137 (1991). Because the reinstatement acted to merge all rights and privileges of the former Lincoln Land Company with the new entity, Enron's argument cannot prevail. See McCormack v. Citibank, 489 N.W.2d 293, 296 (Neb.1992) (statute reinstates all rights of dissolved corporation upon revival).
 
 Appeal No. 92-8013
 
 16
 We now turn to plaintiffs' cross appeal. Our review is limited to determining whether the district court properly calculated the statutory interest to be paid to plaintiffs. Lincoln's argument is twofold. First, it asserts that the eighteen percent interest awarded under the Royalty Payment Act should be compounded. As a corollary, Lincoln argues that the proceeds placed in the suspended account in 1987 should be considered a payment of the interest owed, rather than a payment of principal. We address these arguments in turn.
 
 
 17
 Wyoming has not spoken on the issue whether the eighteen percent interest award found in the Royalty Payment Act should be simple or compound. Other courts have held, however, that in the absence of a statute dictating otherwise, interest should not be compounded. See Cherokee Nation v. United States, 270 U.S. 476, 490 (1926); Stovall v. Illinois Cent. Gulf R.R., 722 F.2d 190, 192 (5th Cir.1984). There is nothing in this statute to indicate the Wyoming legislature intended to impose the eighteen percent interest rate on a compounded basis. Federal statutes imposing compound interest are not applicable, as these damages arise from a specific state statute. Absent indication of an intent on the part of the Wyoming state legislature to impose compounded interest, we decline to disturb the district court's ruling.
 
 
 18
 We now turn to Lincoln's second argument. The district court awarded statutory interest, but determined it would run only from August 1984 to December 1987 when the suspended proceeds were placed in an account which complied with the statute. As we understand plaintiffs' argument on appeal, they maintain that because the court found Enron liable for statutory interest, the proceeds deposited in 1987 constituted interest payments. Under this analysis, Enron would not have been in statutory compliance in December 1987 because the amount placed in escrow did not represent the entire amount owed. Plaintiffs argue that, as a consequence, statutory interest should run until the date judgment was entered.
 
 
 19
 The goal of the Royalty Payment Act is to ensure that oil producers will not be able to " 'retain[ ] other people's money for their own use.' " Cities Serv. Oil & Gas Corp. v. Wyoming, 838 P.2d at 156 (quoting Independent Producers Mktg. Corp. v. Cobb, 721 P.2d at 1110). Enron satisfied the requirements of the Act when it put the production proceeds into an escrow account in December 1987. After that time, it no longer had use of the funds. Further, the delay plaintiffs experienced prior to receipt of the funds was due to the quiet title action. Enron had no control over that proceeding.
 
 
 20
 In its brief on appeal, Lincoln argues that Wyoming has adopted the United States rule, which states that partial payments on an interest-bearing debt should be applied first to accrued interest then to principal. See Moncrief v. Harvey, 816 P.2d 97, 106-07 (Wyo.1991).[2] Although it does appear Wyoming has adopted that rule for application in the appropriate case, we agree with Enron that it should not apply here.
 
 
 21
 In Harvey, the operator violating the Royalty Payment Act did not suspend the payment of royalties due to an ownership dispute. The partial withholding resulted from a dispute concerning participation in a unitization agreement. Id. at 102. There was never a question that some royalties were owed to an identifiable owner. Throughout the period at issue in that case, the operator was making partial, but insufficient, payments. The royalties were never placed in escrow.
 
 
 22
 Here, although Enron was in violation of the statute at first, it cured that violation in December of 1987 when it put the entire balance of accrued proceeds into an interest-bearing account. No partial payments were made. Instead, once the company became aware of the statute, it released all principal then owing and no longer had use of the funds. The company should not be required to pay statutory interest beyond the date it complied with the statute.
 
 
 23
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED in all respects.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Our review of the record, including the docket sheet from the district court, reveals that no separate document evidencing final judgment was filed in this matter. See Clough v. Rush, 959 F.2d 182, 184-85 (10th Cir.1992). Because the parties have proceeded as if there were final judgment, however, we consider the issue waived. See id. at 185
 
 
 [2]
 It is unclear whether this precise argument was before the district court. Plaintiffs have failed to provide this court a statement as to where in the record this issue was raised. See 10th Cir.R. 28.2(c). In light of our ultimate disposition, however, and because the issue was raised before the district court in a general sense, we address it here. But see Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989) (this court will generally not consider issues raised for the first time on appeal)