STEPHEN H. ANDERSON, Circuit Judge,
dissenting in part:
I respectfully dissent from that part of the majority opinion reversing the district court’s holding that Country World was required to pay interest on the Note after May of 1995; The majority holds that allowing the accrual of interest would be inequitable because it would “penalize Country World while benefitting Tommyk-nocker.” Majority op. at 1152. I dis-ágree.
Denying the accrual of interest following Tommyknocker’s breach amounts to an additional penalty on Tommyknocker, apart from any obligation it would have to pay damages to Country World, if any had been proven, following its breach. Moreover, it could amount to a windfall for Country World, which had the use of the money justifiably withheld. Finally, the case upon which the majority primarily relies, for this equitable holding, Western Plains Serv. Corp. v. Ponderosa Dev. Corp., 769 F.2d 654 (10th Cir.1985), is factually different from this case, and makes it clear that the analysis of whether accrued interest should be paid following a breach is much more complicated than simply inquiring into which party first violated the terms of the contract. In short, I think the district court’s analysis and disposition of this issue was cogent and correct, and, for the reasons stated in its opinion, I would affirm the district court’s judgment in its entirety.