934 F.2d 326
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Aaron GEISLER, an infant under the age of eighteen, who sues
by his parents, guardians and next friends, Herbert A.
Geisler and Cynthia A. Geisler and Herbert A. Geisler and
Cynthia A. Geisler, individually, Plaintiffs-Respondents
v.
WYETH LABORATORIES, a division of American Home Products
Corporation, a foreign corporation, and Wyeth Laboratories,
Inc., a foreign corporation, American Home Products
Corporation, Defendants-Petitioners.
 Misc. No. 89-566.
 United States Court of Appeals, Tenth Circuit.
 Oct. 11, 1990.
 
 Before SEYMOUR and JOHN P. MOORE, Circuit Judges.
 ORDER
 SEYMOUR, Circuit Judge.
 
 
 1
 Plaintiff Aaron Geisler has moved for remand to the district court of the issues in defendant Wyeth's pending petition for interlocutory appeal under 28 U.S.C. Sec. 1292(b) (1988). We grant the motion.
 
 
 2
 The pending section 1292(b) petition was filed by Wyeth after its motion to disqualify Geisler's counsel, the law firm of Michaud, Hutton & Bradshaw, was denied by the district court. See Geisler v. Wyeth Labs., 716 F.Supp. 520 (D.Kan.1989). In its petition, Wyeth seeks review of the district court's determination that implementation of a screening mechanism would suffice to obviate the need to disqualify the Michaud firm from representing Geisler.
 
 
 3
 While the section 1292(b) petition was pending, we decided Graham v. Wyeth Labs., 906 F.2d 1419 (10th Cir.1990), a disqualification motion involving the same facts underlying the issues here. In Graham, we held that insufficient factfindings precluded us from determining whether the Michaud firm was in fact disqualified, and we remanded the motion to the district court for an appropriate evidentiary hearing. See id. at 1424.
 
 
 4
 We are persuaded by our decision in Graham that we should grant Geisler's motion. The issues in the instant section 1292(b) petition concerning the propriety or adequacy of a screening mechanism are entirely premature if it is determined that the Michaud firm is in fact not disqualified. We therefore remand the instant section 1292(b) petition to the district court[1] for further proceedings in accordance with our decision in Graham.
 
 
 
 [1]
 The district court in its Memorandum Order dated March 19, 1990, concerning Geisler's Fed.R.Civ.P. 60(b) motion, certified its willingness to grant the 60(b) motion and to undertake the evidentiary proceedings required by Parker v. Volkswagenwerk Aktiengesellschaft, 781 P.2d 1099 (1989), the case upon which we relied in Graham. See Garcia v. Regents of the Univ. of Cal., 737 F.2d 889, 890 (10th Cir.1984) (per curiam) (remand to district court of pending appeal proper where district court has certified its inclination to grant 60(b) motion)