989 F.2d 507
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Danny Reginald POWELL, Plaintiff-Appellant,
v.
William Curtis VANDERSLICE, an individual; Flint Hills Feed
Lot, Inc., a Kansas Corporation; Flint Hills Transportation
Company, Inc., a Kansas corporation; Truck Insurance
Exchange, Defendants-Appellees.
 No. 92-6262.
 United States Court of Appeals, Tenth Circuit.
 March 1, 1993.
 
 Before McKAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from the dismissal of his case with prejudice as a sanction for failing to obey the orders of the court. We affirm.
 
 
 3
 * The record in this case reveals that the Plaintiff and his attorney engaged in a persistent pattern of stalling and disobeying the orders of the district court.
 
 
 4
 On December 4, 1991, the court entered an order requiring Plaintiff to submit an exhibit list and a list of witnesses by February 10, 1992. The court further added that the litigants complete discovery by March 3, 1992.
 
 
 5
 On December 18, 1991, the Defendants were forced to file a motion for an order compelling discovery because of the Plaintiff's non-cooperation. On January 7, 1992, the district court denied Plaintiff's motion for more time to respond to discovery requests, and on January 13, 1992, the court granted Defendants' motion to compel discovery.
 
 
 6
 On March 17, 1992, Defendants moved for a continuance, or, in the alternative, for a dismissal because of Plaintiff's failure to comply with the pre-trial order. On March 20, 1992, the district court denied the motion to dismiss, granted the continuance, and ordered Plaintiff to submit the witness and exhibit lists, due over a month earlier, by March 25, 1992. In addition, the court extended the discovery period by two weeks, until April 17.
 
 
 7
 On May 27, 1992, Defendants again moved for an order to compel discovery.
 
 
 8
 On June 8, 1992, a settlement conference was scheduled before a magistrate judge. Less than one hour before the conference, Plaintiff informed the court and Defendants that his attorney was beginning a jury trial and was unavailable, and that the Plaintiff, himself, was out of state.
 
 
 9
 On June 15, 1992, both Plaintiff and his attorney were to respond, by order of the court, to Defendants' motion to dismiss. Neither filed a response nor requested an extension by that date.
 
 
 10
 Plaintiff does not dispute any of these facts.
 
 II
 
 11
 Plaintiff does not claim that the district court lacked power to dismiss the case, only that it abused its discretion in so doing. We are not persuaded.
 
 
 12
 * Initially, Plaintiff claims that the record lacked sufficient facts to determine that Plaintiff or his counsel were willfully flouting the authority of the court.
 
 
 13
 Plaintiff argues, correctly, that this case is governed by the standards set forth in Hancock v. Oklahoma City, 857 F.2d 1394 (10th Cir.1988), in which we stated that sanctions for procedural defaults were to be guided by "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; [and] (3) the culpability of the litigant." Id. at 1396. Contrary to Plaintiff's suggestion, however, the evidence of repeated disobedience towards the orders of the court, combined with Plaintiff's personal failure both to attend the settlement conference and to explain his absence, was sufficient justification for dismissing this action. While the actual prejudice to Defendants was relatively minor, the interference with the judicial process and the culpability of the litigant were both severe. "Although dismissal is indeed a drastic sanction, we have repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders." Green v. Dorrell, 969 F.2d 915, 917 (10th Cir.1992), petition for cert. filed, 61 U.S.L.W. ---- (U.S. Dec. 28, 1992) (No. 92-7079).
 
 B
 
 14
 Next, Plaintiff argues that the district court abused its discretion by proceeding from an inadequate record, which did not include Plaintiff's explanation of his and his counsel's conduct.
 
 
 15
 This argument is entirely without merit. Plaintiff was not only given the opportunity to explain his and his counsel's actions, he was ordered to do so. He did not. Under the circumstances, the trial court was entitled to conclude that Plaintiff had no information it wished to add to the record.
 
 C
 
 16
 Equally frivolous is Plaintiff's argument that the court was punishing it a second time for its previous failings by using them as partial predicate for dismissing the action. Contrary to Plaintiff's statement, he had not been punished for his prior non-cooperation. At no time did the district court actually impose any sanction for the prior actions of Plaintiff and his counsel. The district court had denied one previous request by Defendants for a punitive dismissal of the action.
 
 D
 
 17
 The Plaintiff argues that the district court abused its discretion by imposing this sanction without making specific findings as to the fault of Plaintiff. The district court, however, noted that Plaintiff failed both to attend the settlement conference and to explain his absence. It then stated that "both the litigant and his attorney are culpable...." (Appellant's App. at 110.) Given Plaintiff's failure to respond as ordered, these are sufficient findings as to the fault of Plaintiff.
 
 E
 
 18
 Finally, Plaintiff argues that the district court abused its discretion by imposing this sanction without considering lesser punishments. However, the court explicitly stated that "dismissal is an extreme sanction that should rarely be imposed," (Appellant's App. at 109-10) (citing Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir.1988), but went on to state that it could not "again excuse plaintiff's conduct and permit its authority to be flaunted and the judicial process impeded." (Appellant's App. at 110.)
 
 
 19
 As Plaintiff points out in his brief, the actual costs imposed on Defendants by these delays were relatively minor. What was really at issue here, however, was Plaintiff's utter contempt for the authority of the district court. Under these circumstances, merely granting Defendants their costs would have amounted to permitting the authority of the district court to be flaunted. The district court's brief discussion was sufficient to show that it had, indeed, considered lesser punishments and concluded that they were inadequate to vindicate its authority.
 
 
 20
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3