19 F.3d 1443
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Danny Reginald POWELL, Plaintiff-Appellant,
v.
William Curtis VANDERSLICE, an individual; Flint Hills Feed
Lot, Inc., a Kansas corporation; Flint Hills Transportation
Company, Inc., a Kansas corporation; Truck Insurance
Exchange, Defendants-Appellees.
 No. 93-6271.
 United States Court of Appeals, Tenth Circuit.
 March 16, 1994.
 
 1
 Before TACHA and BRORBY, Circuit Judges, and BROWN,** Senior District Judge.
 
 ORDER AND JUDGMENT[1]
 TACHA
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-appellant Danny Reginald Powell appeals the district court's denial of his motion for relief pursuant to Fed.R.Civ.P. 60(b). Because we find no abuse of discretion, we affirm.
 
 
 4
 Mr. Powell brought a personal injury action against defendants for damages arising out of an automobile collision. He was represented by attorney Richard Keirsey. As we have noted, throughout the case "the Plaintiff and his attorney engaged in a persistent pattern of stalling and disobeying the orders of the district court." Powell v. Vanderslice, No. 92-6262, 1993 WL 55947, at * 1 (10th Cir. March 1, 1993).
 
 
 5
 On June 8, 1992, a settlement conference was scheduled before a magistrate judge. Immediately before the conference, the court was informed that neither Mr. Powell nor his attorney would appear at the conference. The court then ordered both Mr. Powell and his attorney to respond to defendants' motion to dismiss. No such response was filed and, after finding that "both the litigant and his attorney are culpable," the court dismissed Mr. Powell's action with prejudice. Appellees' App. at 1-3.
 
 
 6
 Mr. Powell appealed, arguing that the court abused its discretion in dismissing the case. Mr. Powell did not, however, argue that the sanction should not have been imposed because he lacked notice of the conference, even after this issue was raised directly by defendants. Based on the undisputed facts, we concluded that the dismissal sanction was appropriate. See Powell, 1993 WL 55947, at * 1.
 
 
 7
 On June 25, 1993, exactly one year after his case had been dismissed, Mr. Powell filed a motion for relief pursuant to Fed.R.Civ.P. 60(b). Mr. Powell submitted several affidavits indicating that he did not know about the settlement conference and that he only learned that his case had been dismissed in late July 1992. Appellant's App. at 12-19. The district court denied the motion, finding that relief was unwarranted because Mr. Powell had waited almost a year after discovering the grounds for his motion. The court noted that Rule 60(b) relief was requested only after Mr. Powell's appeal failed and after he had attempted to refile the action in state court. Id. at 45. Mr. Powell appeals the denial of his motion.
 
 
 8
 We review a denial of relief under Rule 60(b) only for an abuse of discretion. Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1145 (10th Cir.1990). The district court has "substantial discretion" in deciding a Rule 60(b) motion. Id. at 1146. A court abuses its discretion under Rule 60(b) if its decision is "arbitrary, capricious, or whimsical," or if the record demonstrates bias or ill will. Id.
 
 
 9
 Mr. Powell's motion was premised on Rule 60(b)(1) and (6). Motions under both sections must be made "within a reasonable time," and, for motions under Rule 60(b)(1), "not more than one year after the judgment ... was entered." Fed.R.Civ.P. 60(b). "A motion is not timely merely because it has been filed within one year of the judgment." White v. American Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir.1990); see also Security Mut. Casualty Co. v. Century Casualty Co., 621 F.2d 1062, 1068 (10th Cir.1980)(motion under Rule 60(b)(1) was untimely because of unexplained 115-day delay between date of judgment and date motion filed).
 
 
 10
 Here, Mr. Powell discovered the grounds for setting aside the dismissal of his action in July 1992. Yet, he did not file his Rule 60(b) motion until eleven months later, in June 1993. In the absence of an explanation for this delay, the district court was within its discretion to conclude that the motion was not filed within a reasonable time. See White, 915 F.2d at 1425.
 
 
 11
 The pendency of Mr. Powell's appeal does not excuse his failure to raise the Rule 60(b) motion before the district court. It is well settled that while an appeal is pending, a party may file a Rule 60(b) motion with the district court. If the motion has merit, the district court may then notify the court of appeals of its intention to grant the motion and the case will be remanded for that purpose. If, however, the district court denies the motion, the party may appeal the ruling immediately. See Aldrich Enters., Inc. v. United States, 938 F.2d 1134, 1143 (10th Cir.1991); Summers v. State of Utah, 927 F.2d 1165, 1168 (10th Cir.1991); Garcia v. Regents of Univ. of Cal., 737 F.2d 889, 890 (10th Cir.1984). Mr. Powell made no such motion in this case, waiting instead for the outcome of his appeal before raising the matter in the district court.
 
 
 12
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470